THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FALU, Appellant.— Appeal from a judgment of the County Court of Montgomery County, rendered December 22, 1969 upon a verdict convicting defendant of the crimes of attempted manslaughter in the first degree and possession of a weapon or dangerous instrument (Penal Law, § 265.05). There was proof: that on the afternoon of July 13, 1969 defendant drove to a hospital to see if his wife, who had had a baby, was still there; that, upon being informed that his wife had been discharged, defendant went to her family's home; that, after speaking to his wife and mother-in-law outside of the house, defendant left and went to his apartment where he picked up a brown bag; and that he then returned to his in-laws' home where he took a gun from a brown bag and fired six shots at various members of the family, three of which hit Louis Grevely. Defendant having been tried on an indictment charging the attempted murder of Grevely, two counts of assault in the first degree allegedly committed upon Grevely and possession of a dangerous instrument as a felony, the court charged as to said crimes as well as manslaughter in the first degree, second degree assault and third degree assault. Contending that there is no proof that defendant attempted to kill any specific person, it is urged that fundamental error was committed in not charging that part of section 125.15 of the Penal Law

reading: "A person is guilty of manslaughter in the second degree when: 1. He recklessly causes the death of another person". Despite the failure to request such a charge (cf. *People* v. *Richardson*, 36 A D 2d 25, 29–30; *People* v. *Lawhorn*, 32 A D 2d 975), defendant's argument overlooks the basic fact that one cannot be guilty of an attempt to commit manslaughter in the second degree in respect to said subdivision (cf. *People* v. *Foster*, 19 N Y 2d 150, 152–153; *People* v. *Brown*, 21 A D 2d 738, 739). A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime (Penal Law, §110.00). Thus, there must be an intent to commit a specific crime in order to constitute an attempt (*People* v. *Moran*, 123 N. Y. 254, 257) and an attempt to commit this specie of manslaughter does not involve an intent to commit the crime, there being no conscious objective to cause the death or to engage in conduct causing the death (Penal Law, § 15.05, subds. 1, 3). That defendant pulled the trigger two or three times after the gun was empty and waved to people when he left the scene does not demonstrate insanity and the record does not reveal factual proof that he was not in full possession of his faculties. It was within the trial court's discretion whether to order an examination as to defendant's sanity (Code Crim. Pro., § 658, L. 1939, ch. 861; repealed L. 1970, ch. 996, § 4, eff. Sept. 1, 1970; cf. *People* v. *Smyth*, 3 N Y 2d 184, 186), and there was no abuse of that discretion in the failure of the court to order same on its own motion. The punishment may not be held to be excessive nor was the imposition of consecutive sentences proscribed by section 70.25 of the Penal Law. Judgment affirmed. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.