■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTOLOMEO PEPE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 4, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court abused its discretion in denying defendant's application for a continuance. Defendant's two infant sons were facing juvenile delinquency charges, pending in the Family Court, after being arrested with the defendant for participating in the murder of his wife. Their attorney stated that if they were called to testify in their father's case, they would invoke their Fifth Amendment privilege. Since the boys were defendant's alibi witnesses, defense counsel requested a continuance of one month to allow the juvenile delinquency proceedings to be concluded. The continuance was denied by the trial court. In view of the fact that the denial not only "deprive[d] the defendant of the fundamental right to present witnesses in his defense, but * * * effectively deprive[d] him of the defense itself" *(People v Foy,* 32 NY2d 473, 478) the court erred in not granting the continuance. We further find that the trial court erred in not submitting to the jury a charge on the lesser included offense of manslaughter in the first degree based on extreme emotional disturbance. In order to submit a lesser included offense to the jury "There must exist 'a reasonable view of the evidence' upon which might be predicated a conclusion that the defendant did in fact commit a lesser, but not the greater offense; if there is no such reasonable view, a submission of lesser offenses is improper" *(People v Scarborough,* 49 NY2d 364, 368; CPL 300.50, subd 1). A reasonable view of the evidence could support the conclusion that the defendant was acting under the influence of extreme emotional distress in causing the death of his wife. As such, the jury should have been so instructed pursuant to defense counsel's request. We thus conclude that defendant is entitled to a new trial. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Hopkins, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SANGAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 10, 1979, convicting him of criminally negligent homicide, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment not to exceed four years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a definite term of imprisonment of one year. As so modified, judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.