■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. OLSEN, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 2, 1981, convicting defendant upon his plea of guilty of the crime of attempted manslaughter in the first degree. As a result of an incident which allegedly occurred on July 29, 1980 wherein defendant, with intent to cause serious physical injury to one Arthur Markle, attempted to cause such injury by firing rounds of ammunition from a rifle at Markle, defendant was indicted for the crimes of attempted manslaughter in the first degree (Penal Law, §§ 110.00, 125.20), a class C felony, and reckless endangerment in the first degree (Penal Law, § 120.25), a class D felony. He subsequently pleaded guilty to the charge of attempted manslaughter in the first degree in full satisfaction of the indictment and was then sentenced to an indeterminate term of imprisonment of one and one-third to four years. The present appeal ensued, and we hold that the challenged judgment should be affirmed. Defendant's initial contention that the charge of "attempt to commit manslaughter in the first degree" is nonexistent so that the indictment therefor should have been dismissed as a matter of law is obviously lacking in substance (see *People v Falu*, 37 AD2d 1025). Similarly, examination of the record establishes that defendant, with the assistance of counsel, knowingly and voluntarily entered a guilty plea to the charge of which he stands convicted, and since an intent to kill is not an element of a charge of manslaughter in the first degree, it is irrelevant that defendant consistently maintained that he had no intention of killing Markle. Judgment affirmed. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.