THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DARRYL McDAVIS, Appellant.

Fourth Department, December 16, 1983

APPEARANCES OF COUNSEL

*Rose H. Sconiers* (*Joseph Mistrett* of counsel), for appel-
lant.

*Richard J. Arcara* (*Louis Haremski* of counsel), for re-
spondent.

**OPINION OF THE COURT**

BOOMER, J.

During the course of an attempted rape, the defendant
stabbed the victim six times in the chest and breast and
twice in the abdomen. After a jury trial, the defendant was

convicted of attempt to commit murder in the second degree, two counts of assault in the first degree, attempt to commit rape in the first degree, and criminal possession of a weapon.

On appeal, defendant urges three grounds for reversal of the conviction of attempted murder. He contends (1) that the evidence is insufficient to prove an intent to kill; (2) that the trial court erred by refusing to charge attempted manslaughter in the first degree as a lesser included offense of attempted murder; and (3) that the jury's verdict of guilty of attempted murder in the second degree and intentional assault in the first degree is repugnant.

■ (1) Defendant argues that the intent to cause death was not proven beyond a reasonable doubt because the evidence was equally consistent with both an intent to cause serious physical injury and an intent to cause death. We find, however, that the multiple stab wounds, two of which penetrated the abdominal cavity and cut the stomach and liver, provided sufficient evidence to permit the jury to infer that the defendant intended not only to injure the victim, but also to cause her death.

■ (2) Contrary to defendant's contention, the Trial Justice correctly refused to charge attempt to commit manslaughter in the first degree (Penal Law, § 125.20, subd 1; § 110.00)* as a lesser included offense of attempt to commit murder in the second degree. Although some courts have recognized the crime of attempted manslaughter in the first degree (*People v Lanzot,* 67 AD2d 864; *People v Falu,* 37 AD2d 1025), we hold that there is no such crime. A person is guilty of an attempt to commit a crime only when he intends to commit that crime (Penal Law, § 110.00). There must be a specific intent to commit a specific crime (*People v Bracey,* 41 NY2d 296, 300). Hence, there can be no attempt to commit a crime that does not involve a specific intent, such as manslaughter in the second degree, a crime predicated upon a reckless act

---

* Under subdivision 1 of section 125.20 of the Penal Law, a person is guilty of manslaughter in the first degree when, "[w]ith intent to cause serious physical injury to another person, he causes the death of such person". There is no contention that defendant acted under the influence of "extreme emotional disturbance" under subdivision 2. All further references to manslaughter in the first degree are to that crime as defined in subdivision 1.

(*People v Zimmerman*, 46 AD2d 725; *People v Falu, supra*). Likewise, there can be no attempt to commit a crime where one of the elements is a specific intent but another, an unintended result. Thus, there are no such crimes as attempt to commit felony murder (*People v Hendrix*, 56 AD2d 580, affd 44 NY2d 658; *People v Hassin*, 48 AD2d 705), attempt to commit felony assault (see *People v Conyers*, 65 AD2d 437, affd 49 NY2d 174, adhered to 52 NY2d 454), and by parity of reasoning, attempt to commit manslaughter in the first degree (*People v Williams*, 40 AD2d 1023). In each of those crimes, one of the elements is an unintended result — physical injury in the case of felony assault, and death in the cases of felony murder and manslaughter in the first degree. Since one cannot intend an unintended result, there can be no attempt to commit those crimes.

The case of *People v Falu* (*supra*) is not authority to the contrary. Although the appellate court allowed the conviction of attempted manslaughter in the first degree to stand, there was no contention by the defendant that he was convicted of a nonexistent crime. He had asked for the charge of attempted manslaughter in the first degree as a lesser included offense of the crime of attempted murder in the second degree, and his argument on appeal was that the court erred in refusing to charge down further to attempted manslaughter in the second degree. Hence, the court was not called upon to decide whether there is such a crime as attempted manslaughter in the first degree.

■ (3) We reject defendant's argument that the verdict of guilty of attempted murder and assault in the first degree is repugnant. A verdict is repugnant when an acquittal of one crime negates an essential element of another crime of which the defendant is convicted (*People v Tucker*, 55 NY2d 1, 7; *People v Dercole*, 72 AD2d 318, 333). It has also been stated that a verdict finding an accused guilty on each of two counts may be repugnant and invalid where the defendant cannot be guilty on both (see *People v Dercole, supra,* pp 326-327). Here, however, the verdict is not inconsistent. Both crimes, attempted murder and assault in the first degree, require a specific intent — one, the intent to kill, and the other, the intent to cause serious physical

injury. The fact that the jury, in convicting the defendant of assault in the first degree, found that the defendant intended to cause serious physical injury to the victim, did not negate an intent to cause death. One may harbor, at the same time, both an intent to cause serious physical injury and an intent to cause death. Serious physical injury is defined in part as "physical injury which * * * causes death" (Penal Law, § 10.00, subd 10). Here, the jury properly could have inferred that the defendant intended to inflict such physical injury upon the victim as would cause her death. Thus, it could have found that the defendant, by the same acts, intended to cause both serious physical injury and death.

Furthermore, because defendant did not protest the verdict before the jury had been discharged, he failed to preserve the issue for review (see *People v Stahl,* 53 NY2d 1048; *People v Bruckman,* 46 NY2d 1020).

Accordingly, the judgment appealed from should be affirmed.

HANCOCK, JR., J. P., CALLAHAN, DENMAN and MOULE, JJ., concur.

Judgment unanimously affirmed.