OPINION OF THE COURT
William D. Friedmann, J.
The statutory affirmative or contingent mitigating defense to murder in the second degree (Penal Law, § 125.25, subd 1, par [a]), defense of acting “under the influence of extreme emotional disturbance” and the procedure underlying its use, including the consequences of its withdrawal during trial, were placed in issue within the context of a two-count indictment. It charged the defendant with the crimes of attempted murder in the second degree (B felony), and assault in the first degree (C felony). In essence, these charges derived from an allegation that defendant inflicted numerous stab wounds upon his former “common-law wife,” causing her serious physical injury.
The defense, commonly called the diminished capacity defense, is a relatively recent statutory expansion of the rather old heat of passion concept (People v Patterson, 39 NY2d 288, affd 432 US 197).
*90 It is triggered under section 125.25 (subd 1, par [a]) of the Penal Law (murder in the second degree), and also under section 125.27 (subd 2, par [a]) of the Penal Law (murder in the first degree), by a defendant as herein serving a “Pretrial Notice of Defenses,” pursuant to CPL 250.10 (subd 2) (notice of intent to proffer psychiatric evidence).
Although this subdivision provides for filing “before trial and not more than thirty days after entry of the plea of not guilty to the indictment”, the subdivision also provides that “[i]n the interest of justice and for good cause” the court may permit late service “at any later time prior to the close of the evidence” (CPL 250.10, subd 2; Ronson v Commissioner of Corrections, 463 F Supp 97, affd 604 F2d 176). No objection was taken to the late pretrial filing herein by the District Attorney.
Once the notice of intention has been filed, the District Attorney, under CPL 250.10 (subd 3), may seek, upon application to the court, to have the defendant examined by a psychiatrist or psychologist of his choosing.
In this case, the District Attorney did not seek to have the defendant examined pursuant to CPL 250.10 (subd 3). Instead, reciprocal discovery under CPL 240.30 was sought, by the filing of a notice to obtain copies of reports, if any, concerning defendant’s physical or mental examination. (See relevant discussion as to obtaining such reports at Crew, Criminal Discovery in NY State-Selected Issues [4th ed, Jan., 1983], p 7.)
Immediately prior to trial, defendant’s intention to rely upon the diminished capacity defense was affirmed by the filing of a motion supported by legal memoranda which placed primary reliance upon People v Ford (102 Misc 2d 160). Defendant’s motion requested that the court submit the lesser included charge of attempted manslaughter in the first degree under subdivision 2 of section 125.20 of the Penal Law, along with allowing proof as to the affirmative defense of extreme emotional disturbance.
The motion was considered at an in-chambers hearing, at which time an offer of proof with respect to the facts and circumstances of the defense and the proposed psychiatric evidence in support thereof were required.
*91 The People, by argument and legal memoranda, opposed the introduction of the defense and the proposed charge-down on the following grounds:
(1) There is no such crime as attempted manslaughter (People v McDavis, 97 AD2d 302). (By definition, one cannot seek to commit a reckless act; in effect it would require that one intended to cause another serious physical injury while at the same time attempting to cause that other person’s death.)
(2) The defense is only available to a defendant who is charged with intentional murder in the first or second degree, or attempted murder in the first degree, which are class A felonies.
(3) The Legislature did not intend the defense to apply to attempted murder in the second degree since it is classified as a B felony and does not carry with it a life sentence.
At the conclusion of the hearing, decision was reserved until the completion of evidence, when a determination would be made as to whether, under any reasonable view of the evidence, a charge-down based upon evidence of extreme emotional disturbance was merited. However, the court indicated it was satisfied that a satisfactory good-faith offer of proof in support of the defense had been made, and that as a matter of law the charge-down to attempted manslaughter in the first degree was available with respect to the indicted charge of attempted murder in the second degree. It was accordingly concluded that at trial the defendant would be permitted to introduce evidence in support of the diminished capacity defense. Thereafter, the defense became a matter of comment and questioning during voir dire by other attorneys.
Following jury selection, the defendant, at the start of the next day’s proceedings, withdrew the defense. The court thereafter, in its preliminary instructions to the jury (CPL 270.40), in order to mitigate possible prejudice to the prosecution, instructed the jury to disregard any and all prior mention of the defense and psychiatric evidence being involved in the proceeding.
*92 THE CRIME OF ATTEMPTED MANSLAUGHTER IN THE FIRST DEGREE AS A CHARGE DRAWN FROM MURDER IN THE SECOND DEGREE' EXISTS WHEN A DEFENDANT ACTS UNDER THE INFLUENCE OF EXTREME EMOTIONAL DISTURBANCE — SECTION 125.25 (SUED 1, PAR [a]) OF THE PENAL LAW
In determining as a matter of law that the defense authorized under section 125.25 (subd 1, par [a]) of the Penal Law was available, with respect to the charge of attempted murder in the second degree, this court respectfully declines to follow the reasoning of the Appellate Division, Fourth Department, in People v McDavis (supra,). In that case, the Fourth Department approved a refusal to charge attempted manslaughter in the first degree, as a lesser included offense, to attempted murder in the second degree. The court held that no such crime as attempted manslaughter in the first degree exists, since a person is guilty of an attempt to commit a crime, only when he intends to commit that crime, and there can be no intent to commit a crime which has as one of its elements an unintended result.
This court believes that the crime of attempted manslaughter in the first degree does exist, and should be charged as a lesser included offense of attempt to commit murder in the second degree. The court also believes that it would be reversible error to refuse to make such a charge, where the affirmative defense of “extreme emotional disturbance” has been interposed, and supported by the requisite evidentiary proof within the case of a defendant charged with murder in the second degree. This court concedes that it would be impossible for one to commit an attempted manslaughter in the first degree, under subdivision 1 of section 125.20 of the Penal Law, which seems to require that one must intend to cause another serious physical injury, while at the same time attempting to cause that other person’s death. However, this court concludes that a different result is quite possible when a defendant’s defensive claim, as herein, relies upon subdivision 2 of section 125.20 of the Penal Law, which provides that a person is guilty of manslaughter in the first degree, when “With intent to cause the death of another person, he causes the death of such person or of a third person under *93 circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as defined in paragraph (a) of subdivision one of section 125.25.” (People v Pepe, 79 AD2d 1011; People v Ford, 102 Misc 2d 160, supra.) In People v Lanzot (67 AD2d 864, app dsmd 49 NY2d 796), following in People uFord (supra), the Appellate Division, First Department, held that it was reversible error to refuse to charge the affirmative defense of “extreme emotional disturbance” in the case of a defendant charged with attempted murder in the first degree under section 125.27 of the Penal Law. It should be noted that section 125.27 (subd 2, par [a]) of the Penal Law, detailing the availability of the defense of extreme emotional disturbance as to murder in the first degree, is identical to the language in section 125.25 (subd 1, par [a]) of the Penal Law covering murder in the second degree.
ROLE OF THE COURT AS TO USE OF DEFENSE
This court finds that the best way of implementing the defense once it is interposed is as follows:
When the trial court is satisfied by a good-faith offer of proof that a sufficient evidentiary basis for the statutory defense exists, evidence as to the defense, including supporting psychiatric evidence, should be admitted into evidence. If, at the close of evidence, a reasonable view of the evidence merits a charge to the jury with respect to the defense and the lesser dependent offense, it should be made (People v Pepe, supra).
In the event that the court finds that the evidence does not reasonably support such charge, this court believes that the jury, in the court’s final charge, should be instructed to completely disregard all evidence regarding the defense. When the defense is withdrawn during trial (here following jury selection), the court is presented with a possibly serious problem, because the psychiatric or emotional disturbance defense seed has already been planted in the minds of the jury. This turn of events could be prejudicial to the prosecution. Should the matter be cured by corrective instructions to the jury, or should the more drastic remedy of a “mistrial” be resorted to? Regardless of what measure is taken, this court believes that an in-chambers hearing should be held with respect to the facts *94 and circumstances, which prompted the turn of events, resulting in the withdrawal of the defense.
ROLE OF THE JURY — AS TO USE OF DEFENSE
After the defense and the lesser dependent offense has been charged, it becomes the jury’s function during deliberation to evaluate the evidence in order to determine whether the facts constituting the crime (here the crime of attempted murder in the second degree) have been established beyond a reasonable doubt. This incorporates by the same standard of proof of evidence as to the soundness of defendant’s mental state, i.e., the establishment of his or her criminal responsibility for his or her acts (People v Shelton, 88 Misc 2d 136).
Only when such determination has been made by the jury does the burden of persuasion, as to the applicability of the affirmative defense, shift to the defendant (People v Patterson, supra; People v Shelton, supra). Defendant, then, must demonstrate, by a preponderance of the evidence, already present in the trial record before the jury, that because of “mitigating circumstances” the crime charged and proven, should be reduced to the lesser crime, already contingently charged. This reductionary course should be followed by the jury if it finds, by a preponderance of the evidence, that the defendant acted under the influence of extreme emotional disturbance, for which there is a reasonable explanation or excuse reflected in the trial record (People v Casassa, 49 NY2d 668, cert den 449 US 842).
POSTVERDICT COMMENT
It is interesting to note that the jury obviously disbelieved the complainant in this one-witness case (stabbing the victim), by finding the defendant not guilty of both counts. In this court’s opinion, such result for defendant could not have been anticipated with continued reliance upon the statutory defense of acting under “extreme emotional disturbance,” which, by its mitigating contentions, constitutes a position of involvement and approaches an admission of guilty to the charges involved.