Hancock, Jr., J.
(concurring). I concur in the result and the majority opinion except for one point. I cannot agree that the trust agreement was properly admitted into evidence. Proof that a defendant would profit by the death of the victim is, of course, relevant and, at times, persuasive circumstantial evidence that the defendant desired the victim’s death and had a motive for causing it. It is, therefore, relevant on the question of whether the defendant intentionally caused the victim’s death (see, People v Fitzgerald, 156 NY 253, 258). But evidence that the defendant desired the victim’s death and, therefore, intended to cause it, cannot be relevant where the defendant is not charged with acting intentionally, i.e., acting with a "conscious objective * * * to cause such result” (Penal Law § 15.05 [1]).
The defendants here are not charged with intentional conduct but with acting recklessly. As the term is used in the Penal Law a "person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would *744 observe in the situation” (§ 15.05 [3]). A finding of recklessness requires two inquiries: (1) whether the person was, in fact, aware of a substantial and unjustifiable risk, a subjective element; and (2) whether such person’s conscious disregard of that risk constituted a gross deviation from a standard of reasonable care, an objective element. I believe that analysis shows that proof of the existence of the trust fund cannot be relevant to either component.
Obviously, proof that a defendant would profit from the victim’s death and, therefore, arguably desired it can have no bearing on the first element: whether defendant had knowledge or an awareness of a risk to the victim. Nor can such evidence of motive or desire be relevant on the question of whether a defendant’s conduct, in disregarding the risk, constituted a gross deviation from the ordinary standard of care. Reckless conduct differs from negligent conduct in the degree of deviation. If the deviation is gross, it is reckless or grossly negligent conduct. But, it is still negligent conduct — conduct based on an objective standard. It is not intentional conduct, and because it is not, proof of defendants’ intent, motive, or desire is irrelevant (see, People v Terry, 104 AD2d 572, 573; People v Falu, 37 AD2d 1025, 1026; see also, People v Campbell, 72 NY2d 602, 605-606).
Finally, contrary to the People’s argument the fact that defendants would have profited from the victim’s death cannot be admissible on the question of whether their disregard of the substantial risk was a conscious disregard. The word "conscious” as used in Penal Law § 15.05 (3), I submit, refers to the actor’s mental process of knowing, perceiving, or being aware of the risk (see, Webster’s Third New International Dictionary 482 [1986]). It does not, as the People contend, connote conduct that is in any sense intentional, deliberate, or willful. To read that meaning into the term produces a concept that is elusive, to say the least — intentionally or deliberately disregarding a risk of an unintended result of that disregard. It would also contradict the underlying theory of a reckless crime, i.e., a crime where the result is unintended and criminality depends on the extent of the deviation of the conduct from an objective reasonable standard. I cannot believe the Legislature had this in mind.
In sum, the admission of proof bearing on defendant’s intent in committing an unintentional crime was plain error. In view of the overwhelming evidence of guilt of the lesser crime of *745 criminal negligence, however, I am persuaded that a reversal is not required (see, People v Crimmins, 36 NY2d 230, 241).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur with Judge Titone; Judge Hancock, Jr., concurs in a separate opinion.
Order affirmed.