■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE R. MARTINEZ, Appellant.—Harvey, J.

After a shooting incident, defendant was indicted in July 1989 and charged with attempted murder in the second degree and criminal possession of a weapon in the third degree. Following the close of proof, County Court, without objection, instructed the jury to consider the crimes of attempted murder in the second degree, attempted manslaughter in the first degree (as a lesser included offense) and criminal possession of a weapon in the third degree. Defendant was found not guilty of the murder charge but was convicted of the manslaughter and weapons charges. Defendant's posttrial motion to set aside the verdict was denied and this appeal followed.

Initially, we must address defendant's contention that the crime of attempted manslaughter in the first degree (Penal

Law §§ 110.00, 125.20 [2]) charged to the jury by County Court is a nonexistent crime. Relying on the Fourth Department's decision in *People v McDavis* (97 AD2d 302), the People concede in their brief that the crime does not exist. Our review of *People v McDavis (supra)* and the Court of Appeals' strong endorsement of the Fourth Department's analysis in that case in *People v Campbell* (72 NY2d 602, 606) convinces us that defendant's argument concerning the validity of the subject crime is correct. Although we stated to the contrary in *People v Olsen* (92 AD2d 625), we note that *Olsen* was decided prior to *People v McDavis (supra)*. Moreover, the *Olsen* case cites as support for its holding our decision in *People v Falu* (37 AD2d 1025), in which the validity of the crime of attempted manslaughter in the first degree was apparently not at issue *(see, People v McDavis, supra,* at 304). Consequently, we must conclude that *People v Olsen (supra)* is no longer valid law and instead adopt the interpretation of the law clearly favored by the Court of Appeals.

The fact that the challenged crime does not exist does not, however, end our inquiry. It is undisputed that defendant did not object to the submission of attempted manslaughter in the first degree to the jury pursuant to CPL 300.50 (1). The right to object to any error regarding submission of lesser included offenses "is waived by the defendant unless he objects thereto before the jury retires to deliberate" (CPL 300.50 [1]). As noted by the Court of Appeals in *People v Ford* (62 NY2d 275, 279, *revg* 91 AD2d 589), such errors are not jurisdictional and if the defendant acquiesces in the reading of the challenged charge without objecting, the right to complain of the error is waived, even when the error involves a nonexistent crime. Inasmuch as defendant's own actions at trial brought about the situation to which he now objects *(see, People v Ford, supra,* at 283), his argument against waiver must fail.

Mikoll and Mercure, JJ., concur.

Yesawich Jr., J. (concurring in part and dissenting in part). We respectfully disagree with the majority insofar as they affirm defendant's conviction of attempted manslaughter in the first degree, a nonexistent crime *(see, People v Campbell,* 72 NY2d 602, 606; *People v McDavis,* 97 AD2d 302, 303-304).

Concededly, a defendant who fails to object to the submission to the jury of a lesser crime arising from the same transaction which is not in fact a "lesser included" offense *(see, People v Ford,* 62 NY2d 275, 282-283; *People v Dunavin,* 173 AD2d 1032, *lv denied* 78 NY2d 965) or who, as part of a

plea bargain, pleads guilty to a nonexistent crime in satisfaction of an indictment carrying a heavier penalty *(see, People v Foster,* 19 NY2d 150, 153; *People v King,* 175 AD2d 411, *lv denied* 78 NY2d 1078) waives the right to later complain about the resulting judgment. Here, however, we are dealing not with an appeal from a conviction based upon a negotiated plea or a jury verdict convicting defendant of a crime which, though not a lesser included offense of the indicted crime, is nonetheless legally cognizable *(see, People v Ford, supra,* at 282-283), but rather with an appeal from a jury verdict convicting defendant of a crime which does not exist and is impossible to commit. This is an entirely different situation and makes irrelevant the issue of whether defendant objected to the court's charge, for the failure to do so cannot transform what is not a crime into a crime. To conclude otherwise is "logically repugnant" *(People v Brown,* 21 AD2d 738, 739; *see, People v Foster, supra,* at 152-153; *see also, People v Zimmerman,* 46 AD2d 725).

Accordingly, we would affirm the judgment finding defendant guilty of criminal possession of a weapon in the third degree and, as a matter of discretion in the interest of justice, reverse the judgment for attempted manslaughter in the first degree *(see, People v Jackson,* 49 AD2d 680).

Mahoney, J., concurs. Ordered that the judgment is affirmed.