■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HASSIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 19, 1973 and amended April 11, 1973, which, upon his plea of guilty, convicted and sentenced him as follows: (1) of two counts of attempted intentional murder and two counts of "attempted" felony murder—12 years on each count; (2) of robbery in the first degree—5 years; (3) of grand larceny in the third degree—4 years; (4) of two counts of assault in the first degree—3 years on each count; (5) of attempted assault in the first degree—1 year; and (6) of possession of a weapon as a felony—3 years, all the sentences to run concurrently. Judgment reversed, on the law, insofar as it convicted and sentenced defendant for "attempted" felony murder upon the second and eighth counts and said counts dismissed; and, as to the remaining counts, judgment affirmed as to the convictions, but reversed, on the law, as to the sentences and case remanded to the sentencing court for resentencing in accordance with section 70.00 of the Penal Law. The appeal is timely, having been interposed within 30 days after the rendition of the amended sentence. The sentencing court had no authority to impose definite sentences under section 70.00 of the Penal Law. We are remanding this case to the sentencing court for imposition of indefinite terms or appropriate minimum and maximum terms as prescribed by the Penal Law. As to the second and eighth counts, there is no such crime as "attempted" felony murder, because an attempt requires an intent to commit a specific crime. One cannot attempt to commit an act which one does not intend to commit (People v Falu, 37 AD2d 1025; People v Brown, 21 AD2d 738). Felony murder is not an intentional crime; it is a legislative creature to make felons strictly responsible for all consequences of their felonies, whatever their intentions or the intentions of their confederates. Accordingly, an indictment charging attempted felony murder charges no crime and is jurisdictionally defective. Jurisdictional defects in indictments are not waived by a plea of guilty. Thus, the two convictions and sentences for "attempted" felony murder should be reversed and the counts therefor dismissed. We have considered People v Foster (19 NY2d 150). In our view, it is distinguishable. There, there was a plea of guilty to a lesser included crime of the higher crime charged in the indictment. Here, the guilty plea was to the counts as charged in the indictment. It appears that the sentencing court may not have accorded defendant's presentence report due consideration. Such consideration should be given upon resentencing. Appellant's other contentions are without merit. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.