■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN NELSON, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered March 20, 1981, upon a verdict convicting defendant of the crime of attempted assault in the second degree. While defendant was incarcerated in the Clinton Correctional Facility on May 25, 1980, he was allegedly involved in an altercation with some correction officers after they escorted him from the shower room to his cell. As a result, he was indicted on two counts of assault in the second degree (Penal Law, § 120.05, subd 3), and following a jury trial he was ultimately convicted on one count of attempted assault in the second degree (see Penal Law, § 110.00). On March 20, 1981, he was sentenced, as a second felony offender, to an indeterminate term of imprisonment of two to four years, and the instant appeal followed. We hold that the challenged judgment should·be affirmed, and, in so ruling, find unpersuasive the several contentions advanced by defendant in seeking a reversal of his conviction. Although defendant asserts that there are several irregularities in the transcript of the trial, none of the testimony allegedly

omitted from the transcript had a direct bearing on the elements of the crimes of which defendant was accused, and since it appears that defendant would not have been prejudiced if the alleged omissions did actually occur, the court did not err in denying defendant's motion for a mistrial based upon the alleged irregularities (cf. *People v Perez,* 54 AD2d 1009). Similarly, the court properly denied defense counsel's challenge of two jurors for cause. Even though the two jurors were related to correction officers, those officers were not involved with this case and there was no evidence that the subject jurors could not be objective and impartial. As for the court's refusal to charge certain alleged lesser included offenses, i.e., assault in the third degree (Penal Law, § 120.00), menacing (Penal Law, § 120.15), reckless endangerment in the second degree (Penal Law, § 120.20) and harassment (Penal Law, § 240.25), again we find no error and note that defendant failed to show that, under all the circumstances presented, it was impossible for him to have committed assault in the second degree without concomitantly committing the cited alleged lesser offenses (see *People v Glover,* 57 NY2d 61). Defendant's remaining arguments are likewise lacking in substance. The record contains ample evidentiary support for the guilty verdict and the court adequately charged the jury on the elements of assault in the second degree. Lastly, defendant was not denied his right to an arraignment. He was arraigned on the indictment in this case on August 28, 1980, and there was obviously no need for a second arraignment when, upon the expiration of his sentence for armed robbery, he was transferred, pursuant to an arrest warrant, from the custody of the Department of Correctional Services to the custody of the Clinton County Sheriff to await resolution of the instant charges against him. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.