OPINION OF THE COURT
Hancock, Jr., J.
After his apprehension and arrest by two police officers on an attempted rape charge, defendant was indicted on several charges including two counts of assault, second degree (Penal Law § 120.05 [3]), for causing injury to the arresting officers with intent to prevent them from performing their lawful duty. Following a nonjury trial defendant was acquitted of second degree assault but convicted of two counts of attempted assault in the second degree which the court had considered over his objection.[1] In his appeal, after an affirmance in the Appellate Division, defendant argues that an attempted assault under Penal Law § 120.05 (3) is an impossibility because *604 the section imposes criminal responsibility for an unintended injury and one cannot be convicted of the crime of attempting to bring about an unintended result. We agree. There should, accordingly, be a reversal of these convictions.
Penal Law § 120.05 (3) provides that: "A person is guilty of assault in the second degree when * * * With intent to prevent a peace officer, police officer, a fireman, including a fireman acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such fireman, or an emergency medical service paramedic or emergency medical service technician, from performing a lawful duty, he causes physical injury to such peace officer, police officer, fireman, paramedic or technician” (emphasis added). Under the plain wording of this subdivision it is evident that a defendant may be convicted even though the injury caused is unintended or accidental. The only proviso is that the injury must occur while the defendant is acting with the intention of preventing the police officer, fireman, paramedic or technician from performing a lawful duty (see, People ex rel. Gray v Tekben, 86 AD2d 176, 178, affd 57 NY2d 651; People v Wheeler, 59 Misc 2d 825, 826, affd 36 AD2d 549). Unlike other subdivisions of assault second (Penal Law § 120.05) where the Legislature has made intent to cause injury a necessary element of the crime (see, e.g., subds [1], [2], [5] and [7]), in subdivision (3) any such requirement has been eliminated.[2] Thus, the crime, with respect to the injury caused, is one of strict liability. The only intent required relates not to the injury but to the circumstances in which it is produced. In short, if a defendant, while intending to prevent one of the persons covered by the statute from performing a lawful duty, causes injury to that person — no matter how or why — he may be found guilty of assault second under subdivision (3) (see, 1 *605 Marks and Paperno, Criminal Law in New York Under the Revised Penal Law § 221). The sole question before us is whether there can be an attempted assault second under this subdivision.
Under the Penal Law, a person "is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00). An attempt exists as an integral offense having an identity separate from the crime which is being attempted. The rationale of treating an attempt as criminal conduct is "that although the defendant may have failed in his purpose, his conduct is nevertheless culpable and if carried far enough causes a sufficient risk of harm to be treated as a crime in itself (see, e.g., Hall, Criminal Attempt — A Study of the Foundations of Criminal Liability, 49 Yale LJ 789, 816)” (People v Bracey, 41 NY2d 296, 299). Essentially, an attempt to commit a crime consists of an intent to bring about the result which the particular law proscribes and, in addition, an act in furtherance of that intent (2 LaFave and Scott, Substantive Criminal Law § 6.2, at 24; 22 CJS, Criminal Law, § 75 [1]). To prove an attempt, the People must establish that the defendant acted for a particular criminal purpose, i.e. — with intent to "commit a specific crime (see, e.g., People v Kane, 161 NY 380). 'It is not enough to show that the defendant intended to do some unspecified criminal act’ (LaFave & Scott, Criminal Law, § 59, p 429)” (People v Bracey, supra, at 300). Because the very essence of a criminal attempt is the defendant’s intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended.
Thus, there can be no attempt to commit assault, second degree (Penal Law § 120.05 [3]), since one cannot have a specific intent to cause an unintended injury (see, People v Bracey, supra, at 300; People v Zimmerman, 46 AD2d 725; People v Brown, 21 AD2d 738; State v Almeda, 189 Conn 303, 455 A2d 1326; cf., People v Foster, 19 NY2d 150). It makes no difference that the statute calls for a different element of intent — i.e., that the injury must be caused while the defendant intends to prevent the officer from performing a lawful duty. That element of intent relates not to the result proscribed by the statute — causing the injury — but to the circumstances which make that result one for which defendant is strictly liable (see, People v Conyers, 65 AD2d 437, affd on *606 other grounds 49 NY2d 174; People v Hendrix, 56 AD2d 580, affd on other grounds 44 NY2d 658; People v Hassin, 48 AD2d 705; see also, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 110.00, at 412-413).
Similar reasoning was employed in People v McDavis (97 AD2d 302, 303-304). Like the assault second statute involved here which requires no proof of intention to cause injury, the manslaughter first statute (Penal Law § 125.20 [1]) in McDavis does not require intent to cause death. The manslaughter first statute does, however — again, like the assault second statute here — require proof of intent on a different element: in subdivision (1), intent to produce serious physical injury. Because the statute requires no proof of intent to cause death, the proscribed result, it was held that there can be no attempt to commit that crime (see, People v McDavis, supra, at 303-304).
The People maintain, however, that an attempt to commit assault, second degree (Penal Law § 120.05 [3]), may be shown "by proving that a defendant intended to and came dangerously close to, preventing a police officer from performing his duty by means of assaultive behavior”. Here, it is argued, the intent to interfere with the police officers’ performance of their duties may be shown by defendant’s intended, albeit unsuccessful, efforts to injure them while they were attempting to handcuff him.
But the gravamen of a charge under subdivision (3) of Penal Law § 120.05 is not — as the People seem to contend — the defendant’s intention to interfere with the policeman’s or other listed worker’s duties but, rather, the unintended injury to such person while the defendant has the intention of interfering. It is this unintended result for which the statute imposes strict responsibility. The defendant here could not be guilty under subdivision (3) of attempting to inflict an unintended injury, and the People may not make it otherwise through an effort to shift the emphasis from the unintended injury to the defendant’s intention to interfere.
The People’s argument — that the specific intent required for the crime of attempt may be supplied by defendant’s intent to assault the police officer — must fail for another reason. It engrafts onto the attempt crime an element of intent that the main crime lacks. The result is an unacceptable anomaly. The higher crime of assault second is one in which a defendant may be held strictly responsible for an injury without proof of intent to injure; the lesser crime, attempted assault second, *607 under the People’s theory, becomes a crime which requires proof of intent to injure — an element not required for the higher crime.[3]
Finally, the People’s construction of assault, second degree —making the focus of the crime the interference with the performance of lawful duties rather than the injury to the performer — creates another obvious difficulty. The interference component of Penal Law § 120.05 (3) does not require a successful interference or a completed act but only an intention to interfere. Thus, the crime of attempted assault second, as the People see it, would call for an attempt to intend to interfere, a seeming impossibility (see, People v Lynn, 115 Misc 2d 76, 77 [App Term, 2d Dept]; King v State, 339 So 2d 172 [Fla]; Allen v People, 175 Colo 113, 485 P2d 886, 888; cf., State v Wilson, 218 Ore 575, 346 P2d 115; see generally, 21 Am Jur 2d, Criminal Law, § 158, at 313; 22 CJS, Criminal Law, § 74).
For these reasons, we conclude that the crime of attempted assault in the second degree is a legal impossibility. The holdings in People v Allah (126 AD2d 778); Matter of Shannon B. (122 AD2d 268, affd on other grounds 70 NY2d 458); People v Jackson (111 AD2d 983); People v Lattmen (101 AD2d 662); People v Roberts (99 AD2d 761); People v Nelson (92 AD2d 1036); and People v Early (85 AD2d 752), relied on by the People and cited by the dissent, are not to the contrary. None of those decisions addressed the issue before us now — whether a person can attempt an assault under Penal Law § 120.05 (3).
The order of the Appellate Division, insofar as appealed from, should be reversed and the assault counts dismissed (see, People v Mayo, 48 NY2d 245).

. Defendant was convicted of sexual abuse in the third degree in connection with the crime for which he was arrested. The court did not reach the counts of obstructing governmental administration which had been submitted on defendant’s request as lesser included offenses of assault in the second degree.

. The dissent apparently argues that an intent to injure is required under Penal Law § 120.05 (3) (see, dissenting opn, at 608-609). This contention is directly contrary to the plain wording of the statute and our prior holding in People ex rel. Gray v Tekben (57 NY2d 651, 653 [it is possible to commit the crime "without possessing the intent to injure”], affg 86 AD2d 176, 178 [where the Appellate Division stated: "Under that section, the only intent required to be proved was that petitioner acted with the intent to prevent a peace officer from performing a lawful duty. Proof of intent to cause physical injury was not required. * * * The crime is thus one of strict liability as far as the injury is concerned. Even if the petitioner caused the injury to the officer accidentally, he was guilty of assault in the second degree if the accident happened while he intentionally acted to prevent the performance of the officer’s duty”]).

. Because — under the People’s construction of Penal Law § 120.05 (3)— the lesser crime requires an element not required for the greater, attempted assault in the second degree could not, in any event, be a lesser included offense of assault, second degree (CPL 1.20 [37]; see, People ex rel. Gray v Tekben, 57 NY2d 651, 653; People v Glover, 57 NY2d 61, 64).