■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLFO ISAAC ESQUILIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 22, 1987, convicting him of murder in the second degree (three counts), attempted kidnapping in the first degree and robbery in the first degree, upon a jury verdict, and sentencing him to concurrent terms of 25 years' to life imprisonment on each conviction of murder in the second degree, and terms of 12½ to 25 years' imprisonment for robbery in the first degree and 8⅓ to 25 years' imprisonment for attempted kidnapping in the first degree to run consecutive to each other and to the first count of murder in the second degree.

Ordered that the judgment is modified, on the law, by (1) reversing the conviction for attempted kidnapping in the first degree, and for murder in the second degree under count two of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment, and (2) providing that the sentences imposed for murder in the second degree under count one of the indictment and robbery in the first degree shall be concurrent; as so modified, the judgment is affirmed.

The evidence adduced at trial established that the defendant and Antonio Cepeda were hired by Daniel Fullan to "get rid of" Arnold Alpert, a business associate of Fullan, because Alpert was in possession of some promissory notes representing Fullan's obligation to him in the amount of $150,000. Apparently, they were to kidnap Alpert, transport him to a specified location, and kill him. On the morning in question, the defendant and Cepeda waited in a truck outside Fullan's offices and watched Fullan and Alpert go inside. Shortly

thereafter, the defendant and Cepeda entered the building and waited at the bottom of the stairs, near the door to a huge refrigerator. As Alpert, who was carrying a brown envelope containing the promissory notes, and Fullan descended the stairs, the defendant pulled out a loaded rifle and told Alpert to enter the refrigerator. Alpert began to struggle, and the gun went off, hitting Alpert. The defendant shot Alpert two more times, causing his death. Fullan then took the promissory notes from Alpert.

The defendant was convicted of three counts of murder in the second degree (intentional murder and two counts of felony murder, the underlying felonies being attempted kidnapping in the first degree and robbery in the first degree, respectively), attempted kidnapping in the first degree and robbery in the first degree. He was sentenced to 25 years' to life imprisonment for each count of murder, 12½ to 25 years' imprisonment for robbery and 8⅓ to 25 years' imprisonment for attempted kidnapping. The sentencing court further provided that the sentences imposed for robbery and attempted kidnapping were to run consecutive to each other and consecutive to the sentence imposed for intentional murder, and that the remaining sentences were to run concurrently. This appeal ensued.

The defendant, relying principally on *People v Campbell* (72 NY2d 602), contends that attempted kidnapping in the first degree under Penal Law § 135.25 (3) is not a cognizable crime because that section imposes liability for an unintended injury and it is impossible to attempt to bring about an unintended result *(see,* Penal Law § 110.00). We agree. At issue in *People v Campbell (supra)* was the viability of a conviction for attempted assault in the second degree under Penal Law § 120.05 (3), which provides, in relevant part, that one is guilty of assault in the second degree when, "[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer". Noting that this does not require intent to bring about the prohibited result, i.e., the injury to the police officer, and that attempt to commit a crime requires that the perpetrator act "with intent to commit a crime" (Penal Law § 110.00), the court concluded that "[b]ecause the very essence of a criminal attempt is the defendant's intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended" *(People v Campbell, supra,* at 605).

Similarly, kidnapping in the first degree under Penal Law

§ 135.25 (3) occurs when the accused, with intent to restrain the victim, does so restrain the victim by the use or threatened use of deadly force and, during the course of this abduction the victim dies. The gravamen of this charge is not the abduction but, rather, the unintended death *(see, People v Campbell, supra,* at 606). The causing of this result being criminal even if unintended, it follows that there can be no attempt to cause this result *(see, People v Campbell, supra,* at 605). "It makes no difference that the statute calls for a different element of intent * * *. That element * * * relates not to the result proscribed by the statute—causing the [death]—but to the circumstances which make that result one for which defendant is strictly liable *(see, People v Conyers,* 65 AD2d 437, *affd on other grounds* 49 NY2d 174; *People v Hendrix,* 56 AD2d 580, *affd on other grounds* 44 NY2d 658; *People v Hassin,* 48 AD2d 705; *see also,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 110.00, at 412-413)" *(People v Campbell, supra,* at 605-606). Thus, the defendant's convictions for attempted kidnapping in the first degree and felony murder where the underlying felony was attempted kidnapping must be reversed, and those counts of the indictment dismissed.

Under the facts of this case, the sentencing court erred in imposing consecutive sentences for intentional murder and robbery in the first degree, as those convictions were essentially based upon the same acts *(see, People v Anderson,* 123 AD2d 770; *People v Derhi,* 110 AD2d 709). Thus, the sentences imposed have been modified accordingly.

We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review, without merit or do not warrant reversal of the judgment of conviction. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.