■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA STEWART, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 25, 1989, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of felony murder and attempted robbery in the first degree beyond a reasonable doubt. The codefendant testified that the defendant joined him and two others, and that all four men discussed going to the Ravenswood housing projects in Long Island City, Queens, to collect money from the victim which the victim owed to one of the men. The four men, including the defendant, agreed to use force, if necessary, in order to achieve their objective. In his statement to the police, the defendant, although indicating that "it was not part of the plan", admitted that he intended to take the victim's money after the victim was beaten up. The codefendant further testified that the defendant stated they would "put [the victim] in a bag", i.e., they would kill him, if he gave them any trouble. Thus, the testimony of the codefendant, taken together with the defendant's statement, established that the defendant intended to steal the victim's money after he had been beaten or killed. Consequently, since the defendant's act of shooting the victim was conduct which tended to effect the commission of the crime of robbery (see, Penal Law § 110.00), the crime of attempted robbery was complete, and it is irrelevant that after the shooting, the defendant did not take any money or other property from the victim (see, People v Bracey, 41 NY2d 296; People v Eddy, 95 AD2d 956). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the trial court did not err in denying defense counsel's request to charge manslaughter in the second degree and criminally negligent homicide as lesser-included offenses of the intentional murder count. Viewed in a light most favorable to the defendant (see, People v Martin, 59 NY2d 704; People v Henderson, 41 NY2d 233), there was no reasonable view of the evidence which would support a finding that the defendant committed one of the lesser offenses, but did not commit intentional murder (cf., People v Green, 56 NY2d 427).

Finally, we find that the sentence imposed was neither harsh nor excessive and we decline to reduce it in the interest of justice *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.