OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the conviction for attempted manslaughter in the first degree and remitting to County Court for resentencing for criminal possession of a weapon in the third degree, and otherwise affirmed.
Defendant was indicted for attempted murder in the second degree and criminal possession of a weapon in the third degree. At the close of the evidence, the court notified the parties that in addition to the charges in the indictment, it would instruct the jury on attempted manslaughter in the first degree as a lesser included charge of attempted murder in the second degree. Neither the People nor the defendant requested, or objected to, that charge. Defendant was thereafter acquitted of the attempted murder charge but convicted of attempted manslaughter and criminal possession of a weapon. The conviction was affirmed by the Appellate Division.
It is settled law that attempted manslaughter in the first degree as charged here is a nonexistent crime (People v Campbell, 72 NY2d 602, 606; People v Foster, 19 NY2d 150, *812 153). Since the crime does not exist in the Penal Law, there could not be evidence to support such a conviction beyond a reasonable doubt, and the conviction must be reversed (see, People v Foster, 19 NY2d, at 153, supra).
We reject the People’s argument that defendant waived this claim by failing to object to the charge, noting that the People raised no objection either. While we will allow a defendant to plead to a nonexistent crime in satisfaction of an indictment charging a crime with a heavier penalty (People v Foster, 19 NY2d, at 153, supra), and we will allow a conviction based on a lesser crime charged by the court that was in fact not a lesser included offense but nonetheless a valid crime (People v Ford, 62 NY2d 275), these situations differ significantly from a jury conviction of a crime not recognized by law. For a conviction, a jury must find the defendant guilty of each element of the crime beyond a reasonable doubt, but could not do so here because an element of attempted manslaughter in the first degree as charged is an unintended result that as a matter of law cannot be attempted (see, People v Campbell, 72 NY2d, at 606, supra). Thus, such a conviction presents error fundamental to "the organization of the court or the mode of proceedings proscribed by law” that cannot be waived (People v Patterson, 39 NY2d 288, 295, affd 432 US 197).
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order modified and case remitted to County Court, Schenectady County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.