◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK A. MUNCK, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 6, 1991, upon a verdict convicting defendant of the crimes of attempted assault in the second degree and assault in the third degree.

As the result of a domestic dispute during which defendant's wife was beaten and stabbed, defendant was charged with attempted assault in the first degree and assault in the second degree. Following a hearing, defendant's motion to suppress an inculpatory statement that he had given was denied and the matter proceeded to trial. At the close of the proof, the second count of the indictment, charging defendant with assault in the second degree, was reduced to assault in the third degree. The jury returned a verdict convicting defendant of this offense and of attempted assault in the second degree, which was charged as a lesser included offense of attempted assault in the first degree. Sentenced as a second felony offender, defendant was ordered incarcerated for 2 to 4 years for attempted assault in the second degree, and received an unconditional discharge on the assault in the third degree conviction. Defendant appeals.

Relying on *People v Campbell* (72 NY2d 602), defendant initially contends that it is legally impossible to commit attempted assault in the second degree. *Campbell,* however, involved attempted assault in the second degree as defined in subdivision (3) of Penal Law § 120.05. Unlike subdivision (2) of Penal Law § 120.05, attempted assault in the second degree under subdivision (3) does not include, as a necessary element, the intent to cause physical injury. As the element of intent

in subdivision (3) of Penal Law § 120.05 relates only to the circumstances in which the injury is produced, to wit, while preventing designated persons (police officers, fire fighters, etc.) from performing their duties, this is an offense, if proven, for which a defendant is liable even though the result of his conduct is unintended. As observed in *Campbell,* because "there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended", there can be no attempt to commit assault in the second degree under subdivision (3) *(People v Campbell, supra,* at 605). In the case at hand, however, defendant was charged with attempted assault in the second degree as defined in subdivision (2) of Penal Law § 120.05. Because this offense requires, *inter alia,* an intent to cause physical injury, it is possible to attempt such an assault by acting with the requisite intent but without actually effectuating the result *(see, supra,* at 604-605).

Defendant also urges that because the police were aware that he was represented by counsel on several unrelated charges, and nonetheless continued to question him without counsel present, the statement that he gave in response to this interrogation should have been suppressed. As this issue was not raised at the suppression hearing, it has been waived by defendant *(see, People v Harrell,* 59 NY2d 620, 621). Apart from that, police questioning under these circumstances is no longer impermissible *(see, People v Bing,* 76 NY2d 331, 349-351). Furthermore, inasmuch as the record discloses that defendant was advised of his *Miranda* rights prior to making his statement and that he did not ask to contact his attorney until after the statement was completed and signed, it does not support a finding that he was represented on this or any related charge when he waived his right to counsel or made the statement. Accordingly, the suppression motion was properly denied *(see, People v Vail,* 182 AD2d 331).

The record leaves no doubt that defendant's inculpatory statement was sufficiently corroborated to sustain the verdict; the testimony of Gregory Coole, in whose apartment the attack occurred, coupled with that of the treating physician, amply establishes all that was necessary, proof that a crime was indeed committed *(see, People v Daniels,* 37 NY2d 624, 629). When defendant's statement is considered, along with the remainder of the proof, it is clear that the verdict is in accord with the weight of the evidence.

Nor does County Court's failure to conduct a *Sandoval* hearing mandate a reversal here. It is defendant who has the

burden of bringing to the court's attention the particular convictions for which he wants an advance ruling as to admissibility *(see, People v Matthews,* 68 NY2d 118, 123). Not having done so, he cannot now be heard to complain of the court's failure to attend to this matter, which it earlier indicated would be taken care of immediately prior to commencement of the trial. Furthermore, defendant's failure to request the hearing on the day of trial can only be taken as an indication that he had decided not to take the stand and to waive his right to such a hearing *(see, People v Rivera,* 162 AD2d 728, 729).

Raised in defendant's supplemental *pro se* brief is a contention that County Court's treatment of this case contravened the required procedures for family offenses *(see,* Family Ct Act § 812; CPL 530.11) and, therefore, that County Court was without jurisdiction to hear it. Although defendant contends that the complainant was not provided with sufficient information to make an informed choice of forum as required by statute *(see,* CPL 530.11 [2]), this is not a jurisdictional defect mandating reversal of defendant's conviction *(see, People v Mack,* 53 NY2d 803, 806).

Defendant's other contentions have been considered and found to be without merit, unpreserved or, as with the sentence imposed—he is a second felony offender—matters in which County Court did not injudiciously exercise its discretion. With regard to defendant's argument, raised in a supplemental memorandum of law, that the holding in *People v Antommarchi* (80 NY2d 247) mandates reversal of his conviction due to the fact that prospective jurors were questioned at the bench without defendant present, it suffices to note that the later case of *People v Mitchell* (80 NY2d 519) established that this type of questioning does not violate defendant's constitutional rights, and thus that the *Antommarchi* rule is to be applied prospectively only.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.