[615 NYS2d 172]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TIMOTHY MILLER, Appellant.

Fourth Department, July 15, 1994

### APPEARANCES OF COUNSEL

*Edward J. Nowak,* Rochester *(Brian Shiffrin* of counsel), for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester *(Mark Pedersen* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

Defendant was convicted, following a jury trial, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]) as a lesser included offense of robbery in the first degree as charged in the indictment. The issue on this appeal is whether it is theoretically possible to commit the crime of attempted robbery in the first degree under Penal Law § 160.15 (1).

On January 5, 1992, defendant was with a group of approximately 15 youths on Jefferson Avenue in Rochester. They came upon Charles Grimes, a person whom they knew had a history of shoplifting clothing and selling it in the neighborhood. Grimes had some clothing in a large plastic garbage bag. Defendant indicated to the other members of the group that he was going to "snatch" the bag. One of the young men had a handgun. The group approached Grimes and defendant attempted to take the bag from him. A shot was fired and the gang dispersed. A number of other shots were also fired. No witness testified that defendant had a gun or fired a shot. One witness testified that he saw one of the group shooting in the air. Grimes died of a gunshot wound to the neck.

Defendant was indicted and charged with two counts of murder in the second degree (Penal Law §§ 20.00, 125.25 [1], [3]) and two counts of robbery in the first degree (Penal Law

§§ 20.00, 160.15 [1], [2]). Under the third count of the indictment, defendant was accused of robbery in the first degree, in violation of sections 20.00 and 160.15 (1) of the Penal Law, committed as follows: "The defendant, on or about January 5, 1992 in the County of Monroe, State of New York, forcibly stole property, to wit, a bag of clothing, shirts and pants from Charles Grimes, and in the course of the commission of the crime or of immediate flight therefrom, caused serious physical injury to Charles Grimes, who was not a participant in the crime."

At trial, defendant requested that the court charge attempted robbery in the first degree as a lesser included offense. The court agreed and so instructed the jury. The jury found defendant guilty of attempted robbery in the first degree under the third count and acquitted him of the other counts of the indictment.

Penal Law § 160.15 defines robbery in the first degree as follows:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

"1. Causes serious physical injury to any person who is not a participant in the crime."

Under the Penal Law, a person is guilty of an "attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00).

Defendant contends that, because a person cannot "attempt" a crime with an unintended result, it is legally impossible to commit attempted robbery in the first degree, a crime with the unintended result of causing serious physical injury. The People contend that causing "serious physical injury" is simply an aggravating circumstance and that a person can attempt robbery in the first degree by attempting forcibly to steal from another. The People also maintain that defendant's contention, that the crime for which he was convicted is nonexistent, is not preserved for review.

■ A conviction of a crime not recognized by law "presents error fundamental to 'the organization of the court or the mode of proceedings proscribed by law' that cannot be waived" *(People v Martinez,* 81 NY2d 810, 812, quoting *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197). Although

defendant requested the charge for attempted robbery in the first degree, the crime he now contends does not exist, the issue is nevertheless preserved for review because such error is not waivable *(see, People v Martinez, supra).*

■ Our Court and other appellate Courts in New York have long recognized the crime of attempted robbery in the first degree *(see, e.g., People v Kelly,* 194 AD2d 693 [2d Dept], *lv denied* 82 NY2d 756; *People v Neverett,* 182 AD2d 1092 [4th Dept]; *People v Stewart,* 174 AD2d 583 [2d Dept], *lv denied* 78 NY2d 1081; *People v Bishop,* 167 AD2d 551 [2d Dept]; *People v Edwards,* 148 AD2d 746 [2d Dept], *lv denied* 74 NY2d 808; *People v Eddy,* 95 AD2d 956 [3d Dept]; *People v Johnston,* 87 AD2d 703 [3d Dept]; *People v Gibson,* 65 AD2d 235 [4th Dept], *cert denied* 444 US 861). None of those decisions, however, addressed the issue raised on this appeal.

While the issue whether attempted robbery in the first degree is a nonexistent crime may be one of first impression, courts have previously held it to be legally impossible to commit other attempt crimes because of the element of the unintended result *(see, People v Martinez, supra* [attempted manslaughter in the first degree; Penal Law § 125.20]; *People v Campbell,* 72 NY2d 602 [attempted assault in the second degree; Penal Law § 120.05 (3)]; *People v Esquilin,* 159 AD2d 632, *lv denied* 76 NY2d 734 [attempted kidnapping in the first degree; Penal Law § 135.25 (3)]; *People v Burress,* 122 AD2d 588, *lv denied* 68 NY2d 810 [attempted felony murder; Penal Law § 125.25 (3)]; *People v Terry,* 104 AD2d 572 [attempted murder in the second degree; Penal Law § 125.25 (2)]; *People v Trepanier,* 84 AD2d 374 [attempted reckless endangerment in the first degree; Penal Law § 120.25]; *People v Williams,* 40 AD2d 1023 [attempted assault in the first degree; Penal Law § 120.10 (3)]; *cf., People v Munck,* 190 AD2d 963, *lv denied* 81 NY2d 974 [attempted assault in the second degree; Penal Law § 120.05 (2)]).

This Court has recognized that there can be no attempt to commit a crime where one of the elements is a specific intent but another, an unintended result *(see, People v McDavis,* 97 AD2d 302, 304). We know from the statutory definition that a person is guilty of an attempt to commit a crime only when he intends to commit that crime (Penal Law § 110.00). Notably, on a charge of robbery in the first degree, the People are not required to show that defendant intended to cause the aggravating factor of "serious physical injury" *(see, People v Mitchell,* 77 NY2d 624, 627; *People v Tyler,* 186 AD2d 1085, *lv*

*denied* 81 NY2d 766). "Because the very essence of a criminal attempt is the defendant's intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended" *(People v Campbell, supra,* at 605). Although the robbery statute requires proof that the defendant intended that his use or threatened use of force would compel the victim to deliver up his property *(see, People v Smith,* 79 NY2d 309), the aggravating factor that elevates the crime to robbery in the first degree under Penal Law § 160.15 (causing physical injury to a nonparticipant) does not require proof of a culpable mental state *(see, People v Mitchell, supra,* at 627; *People v Tyler, supra).* Because one of the elements of attempted robbery in the first degree under Penal Law § 160.15 (1) is an unintended result and because one cannot have a specific intent to cause an unintended injury, we conclude that it is legally impossible to commit the crime of attempted robbery in the first degree *(see, People v Campbell, supra; People v McDavis, supra).* Therefore, because attempted robbery in the first degree is a nonexistent crime, there could not be evidence to support such a conviction beyond a reasonable doubt, and the conviction cannot stand, even though defendant affirmatively requested such a charge *(see, People v Martinez, supra).*

Although the evidence is legally insufficient to support a conviction for attempted robbery in the first degree, under CPL 470.15 (2) (a), our Court is authorized to modify a judgment by reducing it to a lesser included offense for which there is legally sufficient evidence. We conclude that the evidence is legally sufficient to establish defendant's guilt of attempted robbery in the third degree, which requires only an attempted forcible stealing, and which is a proper lesser included offense of robbery in the first degree *(see, People v Elder,* 203 AD2d —, 1994 NY Slip Op 3317 [4th Dept, Apr. 15, 1994]; *People v Kilpatrick,* 143 AD2d 1).

Accordingly, the judgment should be modified by reducing defendant's conviction of attempted robbery in the first degree to attempted robbery in the third degree, the sentence imposed thereon vacated and the matter remitted to Monroe County Court for resentencing.

BALIO, J. P., LAWTON, DOERR and BOEHM, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, and matter remitted to Monroe County Court for further proceedings in accordance with the opinion by CALLAHAN, J.