■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FERNANDEZ, Appellant. [626 NYS2d 190] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 28, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years, and 3½ to 7 years, respectively, unanimously affirmed.

There is no merit to defendant's argument that the crime of attempted murder in the second degree under a theory of transferred intent (Penal Law § 125.25 [1]) is a nonexistent crime since it imposes liability for an unintended result—the death of an unintended victim—and it is impossible to attempt to bring about an unintended result. Unlike the crimes of assault in the second degree (Penal Law 120.05 [3]) and manslaughter in the first degree (Penal Law § 125.20 [1]), both of which have been held legally impossible to attempt *(People v Campbell,* 72 NY2d 602; *People v McDavis,* 97 AD2d 302), murder in the second degree under a theory of transferred intent does not contain a strict liability element with respect

to the proscribed result. Although the victim was unintended under such a theory, the result—death—was not.

In contrast, the specific intent in first degree manslaughter is to cause serious physical injury with the strict liability or unintended result being the death of the victim, and the specific intent in the second degree assault is to prevent a peace officer from performing a lawful duty with the strict liability or unintended result being physical injury.

Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), the evidence was legally sufficient to establish that defendant attempted to kill one of the persons in the victim's group. After defendant was rebuffed by the victim, he fired three shots in the air, evidencing his anger. Thereafter, one of the victim's friends goaded defendant by asking him why he did not shoot them. Moments later, defendant left the scene, changed his clothing, used a cab to locate and intercept the victim and her friends, and fired three shots at them, one of which struck the victim in the chest. Defendant was then observed moments later discarding a gun in a nearby garbage pail. This testimony was more than enough to show that defendant deliberately sought out the victim and her friends with the intention of killing one of them.

Defendant's claim that the court did not respond meaningfully to one of the jury's requests for a readback of testimony is unpreserved for appellate review, which, in any event, is not possible since the extent of the readback that was given is unclear *(People v Charleston,* 54 NY2d 622). Were we to review the claim in the interest of justice, we would find that reversal on this ground is not warranted. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Asch, JJ.