OPINION OF THE COURT
 

 Titone, J.
 

 On this appeal we are asked by defendant to consider whether application of the doctrine of transferred intent renders attempted murder in the second degree a nonexistent crime under the circumstances presented. Concluding that the facts in this case do not implicate the transferred intent doctrine, we hold that defendant’s conviction for attempted murder was properly affirmed.
 

 On August 2, 1990, at approximately 2:00 a.m., Yanira Correa was walking with a group of teenaged friends in the vicinity of 164th Street and River Avenue in the Bronx after leaving a park. Correa was approached by defendant, who was an acquaintance. Defendant asked Correa to return to the park to speak to his brother, but she declined. Defendant then began firing a handgun in the air. A boy in Correa’s group stated to
 
 *780
 
 defendant: "Why don’t you shoot at us?” Defendant continued firing additional shots in the direction of the group of teens before running back to the park.
 

 Approximately 15 minutes later, the group reached the vicinity of Grand Concourse and 164th Street. Defendant pulled up in a cab and exited the vehicle with a gun in his hand. Defendant fired three shots directly at the group, striking Correa in the chest, and then fled. Correa was seriously injured. Shortly thereafter, defendant was observed nearby removing a dark, blunt object from his pants and placing it in a garbage can. After responding to the scene, the police retrieved a nine millimeter automatic weapon from the garbage can, and defendant was arrested in the park. Defendant was charged with attempted murder in the second degree and reckless endangerment in the first degree, as well as with varying degrees of assault and criminal possession of a weapon. A jury trial ensued.
 

 The prosecution was unable to identify during trial which member of Correa’s group was defendant’s precise target. Apparently believing that the jury would have to rely on the doctrine of transferred intent to convict defendant of attempted murder if Correa — the actual victim — was not the intended victim, the People requested that the court charge the jury on that doctrine. The court declined the request. The court instructed the jury that, to convict defendant of attempted murder in the second degree, the prosecution must prove beyond a reasonable doubt "[t]hat on or about August 2nd, 1990 * * * the defendant attempted to cause the death of [Correa] or another person in the group at 164th Street and the Grand Concourse, by shooting at him or her with a loaded pistol” and "[t]hat the defendant intended that the conduct cause the death of [Correa] or some other person in that group.” Defendant did not object to this charge. The court reiterated, in response to several jury notes, that the intent element of an attempt would be satisfied where defendant’s intent to kill was directed at "[Ms. Correa] or anyone else in the group.” The jury found defendant guilty of attempted murder in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree.
 

 The Appellate Division affirmed. The Court rejected defendant’s argument that the crime of attempted murder in the second degree under a "transferred intent” theory is a nonexistent crime. The Court concluded that, unlike manslaughter in the first degree and assault in the second degree, murder in the second degree "does not contain a strict liability element
 
 *781
 
 with respect to the proscribed result. Although the victim was unintended under [a transferred intent] theory, the result— death — was not.” (215 AD2d 234, 234-235.) The Appellate Division also concluded that, "the evidence was legally sufficient to establish that defendant attempted to kill one of the persons in the victim’s group.”
 
 (Id.,
 
 at 235.) The Court pointed to testimony establishing that defendant first fired shots in the air after being rebuffed by Correa to reveal his anger, left the scene after being goaded by one of Correa’s friends to shoot at them, intercepted the group at a different location after changing his clothing, shot directly at Correa and her friends, and was observed moments later discarding the gun. Based on this proof, the Court determined that there was sufficient evidence that defendant "deliberately sought out the victim and her friends with the intention of killing one of them.”
 
 (Id.,
 
 at 235.) Defendant’s appeal reaches us by permission of a Judge of this Court, and we now affirm.
 

 Defendant was convicted of an attempt to commit the substantive crime of second degree murder. A person is guilty of that crime when, ”[w]ith intent to cause the death of another person, he causes the death of such person
 
 or of a third
 
 person” (Penal Law § 125.25 [1] [emphasis supplied]). Under this provision of the Penal Law, where the resulting death is of a third person who was not the defendant’s intended victim, the defendant may nonetheless be held to the same level of criminal liability as if the intended victim were killed. In other words, the identity of the victim is irrelevant if the requisite intent to kill is established and death of a person results. In such cases, the defendant’s intent to kill the intended victim is said to be "transferred” to the actual victim to establish all of the elements of the completed crime of intentional murder
 
 (see,
 
 1 LaFave and Scott, Substantive Criminal Law §§ 3.11, 3.12 [1986]).
 

 The doctrine of "transferred intent” serves to ensure that a person will be prosecuted for the crime he or she intended to commit even when, because of bad aim or some other "lucky mistake,” the intended target was not the actual victim
 
 (People v Birreuta,
 
 162 Cal App 3d 454, 460, 208 Cal Rptr 635, 639). The doctrine is rooted in the belief that "such a defendant is no less culpable than a murderer whose aim is good”
 
 (id.)
 
 and thus should be punished to the same extent (LaFave and Scott, Criminal Law § 35, at 252-257 [1972]). One court has noted that "[t]he underlying rationale for the doctrine also suggests that transferred intent should apply only when, without the doc
 
 *782
 
 trine, the defendant could not be convicted of the crime at issue because the mental and physical elements do not concur as to either the intended or the actual victim”
 
 (Ford v State,
 
 330 Md 682, 711, 625 A2d 984, 998). The doctrine thus sets up a fiction that should not be employed to "multiply criminal liability, but to prevent a defendant who has committed all the elements of a crime (albeit not upon the same victim) from escaping responsibility for that crime”
 
 (id.,
 
 330 Md, at 714, 625 A2d, at 999).
 

 Relying on the fact that the transferred intent provisions of. Penal Law § 125.25 (1) permit prosecution for causing the death of an unintended victim, defendant contends that a conviction for attempted murder under these provisions is incompatible with our analysis in
 
 People v Campbell
 
 (72 NY2d 602). We stated in
 
 Campbell
 
 that "[bjecause the very essence of a criminal attempt is the defendant’s intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended”
 
 (id.,
 
 at 605). Citing the above-quoted language, defendant argues that he could not be convicted of attempted second degree murder based upon a transferred intent theory because if death had resulted it would have been an "unintended” death, and one cannot attempt to commit a crime that penalizes an unintended result. Defendant misapplies
 
 Campbell,
 
 and, indeed, his entire focus on the "transferred intent” theory is misplaced.
 

 In
 
 Campbell (supra),
 
 we considered the viability of prosecution for attempt to commit second degree assault under Penal Law § 120.05 (3). That statute permits a defendant to be penalized for a result — injury to a police officer — regardless of whether that result was intended. We held in
 
 Campbell
 
 that an attempt to commit such an assault is a nonexistent crime because the intent element of attempt under Penal Law § 110.00 could not coexist with the unintended result element of the assault crime.
 

 The same analysis cannot be applied to an attempted murder prosecution under Penal Law § 125.25 (1). A person cannot be punished for the crime of second degree murder under Penal Law § 125.25 (1) unless the result — death—was intended. Thus, unlike the attempted assault at issue in
 
 Campbell,
 
 there is no inherent contradiction, as a general proposition, in charging a defendant with attempt to commit second degree murder under Penal Law § 125.25 (1).
 

 
 *783
 
 Of more direct analytical significance for this case is the fact that because an attempt charge always involves an uncompleted crime, the transferred intent doctrine is ordinarily not implicated. The crime of attempted second degree murder is committed when, with the intent to cause the death of another person, one engages in conduct which tends to effect commission of that crime
 
 (see,
 
 Penal Law §§ 110.00, 125.25 [1]). Where those elements converge, an attempted murder has occurred, regardless of whether the defendant has killed or even injured his or her intended target. In other words, the crime of attempted murder does not require actual physical injury to a victim at all. Since the focus of the doctrine of transferred intent under Penal Law § 125.25 (1) is the identity of the person whose death actually resulted, this doctrine has no relevance in an attempt case, where an actual death is not an element.
 

 Here, the court instructed the jurors that defendant could be found guilty of attempted murder if they found, beyond a reasonable doubt, that defendant intended to cause the death of either "[Correa] or another person in the group” and committed acts tending to effect the commission of that crime. The jurors were not required by the terms of this instruction to rely on the doctrine of transferred intent to convict, nor should they have been, since there was no death of an unintended victim and thus no need to "transfer” defendant’s intent. In other words, given that injury is not an element of the crime of attempted murder, there was no need to link defendant’s intent to kill to the actual victim — Correa—and there is no reason to become sidetracked by the fact that there was an injured victim in this case.
 

 The only remaining question is whether the evidence was sufficient to support the jury’s verdict. Viewing the evidence in the light most favorable to the prosecution, we agree with the Appellate Division that the evidence is legally sufficient to establish that defendant acted with a murderous intent
 
 (see, People v Perez,
 
 64 NY2d 868, 869) and engaged in affirmative acts in furtherance of the commission of that crime
 
 (see, People v Campbell,
 
 72 NY2d 602, 605,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.