OPINION OF THE COURT
Michael L. Pesce, J.
Defendant moves to dismiss the indictment on the ground that an attempted murder in the first degree committed while in the course and furtherance of a designated felony is not a *227 cognizable crime and to dismiss indictment No. 6930/96 on the ground that it has been superseded by this indictment.
In deciding this motion, the court has considered defendant’s motion, the People’s affirmation in opposition and the court file.
Background
On May 8, 1996 defendant allegedly broke into the home of Mary and William McGarrigle. While in the home, he allegedly took property from the McGarrigles and beat them with a shovel, causing serious physical injuries.
Indictment No. 6930/96, filed with the court on June 11, 1996, charged defendant with two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]); six counts of assault in the first degree (Penal Law § 120.10 [1] [two counts]; § 120.10 [3] [two counts]; § 120.10 [4] [two counts]); four counts of burglary in the first degree (Penal Law § 140.30 [2] [two counts]; § 140.30 [3] [two counts]), and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), all for acts related to the alleged May 8, 1996 incident.
On September 22, 1996, the People filed indictment No. 10827/96, which indicated that it "supersedes” indictment No. 6930/96. This indictment charged defendant with four counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]) (two counts of which are charged as in the course and furtherance of burglary in the first degree and two counts of which are charged as in the course and furtherance of an attempted robbery in the first degree) and four counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1] [two counts]; §§ 110.00, 160.15 [3] [two counts]).
Attempt
"Under the Penal Law, a person 'is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime’ (Penal Law § 110.00). An attempt exists as an integral offense having an identity separate from the crime which is being attempted” (People v Campbell, 72 NY2d 602, 605; see also, People v Miller, 87 NY2d 211, 215). One element of attempt is that the prosecutor must show that the defendant had the intent to commit a specific offense (People v Coleman, 74 NY2d 381, 383; see also, People v Saunders, 85 NY2d 339, 342). Because the intention to cause the consequence or result pro *228 scribed by statute is the essence of a criminal attempt, "there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended.”[1] (People v Campbell, supra, 72 NY2d, at 605; People v Foster, 19 NY2d 150, 152-153; 22 CJS, Criminal Law, § 117 [b], at 147-148). Even if a crime has an intent component, where this intent does not relate to the proscribed consequence or result of the offense, but rather relates to an attendant circumstance, the result is still unintended, and an attempt may not be committed (People v Campbell, supra, at 606; see also, People v Martinez, 81 NY2d 810, 812).
On the other hand, an attempt may exist where the consequence or result of the crime is intended, and the unintended result only relates to an aggravating factor (People v Miller, supra, 87 NY2d, at 218; People v Coleman, supra, 74 NY2d, at 385).
Another limitation on attempts relates to inchoate crimes (in other words, crimes which are, in essence, attempts). It is impossible to attempt an inchoate crime becausé it is illogical to charge a crime as an attempt which is already in the form of an attempt (see, People v Lynn, 115 Misc 2d 76, 77; People v Schmidt, 76 Misc 2d 976, 978; LaFave and Scott, Criminal Law § 6 [a], at 498 [2d ed 1986]; see also, People v Campbell, supra, 72 NY, at 607).
Attempted First Degree Murder
In this case, defendant is charged with, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]).[2] First degree murder, as charged, is, in essence, an intentional causing of death committed in the course of and *229 furtherance of a designated felony. Unlike second degree felony murder, the death, which is the consequence of the offense, must be intentional (see, Donnino, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 125.27, 1997 Pocket Part, at 339; see also, People v Miller, supra, 87 NY2d, at 216-217). That the offense must occur in the course and furtherance of a designated felony only serves as an aggravating factor to justify the imposition of the death penalty (see, Donnino, op. cit.). Because the consequence or result of the offense does not require an unintended result, an attempt is possible (see, People v Miller, supra, 87 NY2d, at 218).
Decisions holding that attempted second degree felony murder is a nonexistent crime (see, People v Burress, 122 AD2d 588, 589; People v Hendrix, 56 AD2d 580, affd on other grounds 44 NY2d 658; People v Hassin, 48 AD2d 705) are inapplicable because the attempted first degree crime requires a showing of intent with regard to the death, the proscribed result of first degree murder. In this respect, attempted murder in the first degree is identical to attempted intentional murder in the second degree. Since intentional murder in the second degree can be charged as an attempt (see, People v Dlugash, 41 NY2d 725, 735-738) so can attempted murder in the first degree.
Likewise, in light of the foregoing rationale, an attempted first degree murder predicated on an attempted robbery in the first degree may be charged. The attempt relates to the consequence of the crime (the death) rather than the aggravating factor (cf., People v Miller, supra, 87 NY2d, at 218). Since the attempt relates to the causing of the death rather than the attempted robbery, there is no attempt of an attempt. The limitation on charging an attempt of an inchoate crime does not apply.
Attempted murder in the first degree as alleged is not a legal impossibility.
Superseding Indictment
A subsequent indictment relating to the same criminal action only supersedes the original indictment with respect to offenses charged in both the original and later indictments (CPL *230 200.80). Offenses not charged in the later indictment are not superseded (CPL 200.80; see also, People v Franco, 86 NY2d 493, 500).
Although this indictment states that it supersedes indictment No. 6930/96, none of the charges in this indictment are contained in indictment No. 6930/96. The new indictment does not supersede the original indictment and there is no basis to dismiss any of the counts charged therein.[3]
Defendant’s motion is denied.

. The Court of Appeals has noted that this rule is not absolute, and that some crimes may be charged as attempts even though they impose strict liability (see, People v Saunders, supra, 85 NY2d, at 343).

. Under Penal Law § 125.27 (1) (a) (vii), a person is guilty of murder in the first degree when:
"With intent to cause the death of another person, he causes the death of such person or of a third person; and * * *
"the victim was killed while the defendant was in the course of committing or attempting to commit and in furtherance of robbery, burglary in the first degree or second degree, kidnapping in the first degree, arson in the first degree or second degree, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, aggravated sexual abuse in the first degree or escape in the first degree, or in the course of and furtherance of immediate flight after committing or attempting to commit any such crime or in the course of and furtherance of immediate flight after attempting to commit the crime of murder in the second degree; provided however, the victim is not a *229 participant in one of the aforementioned crimes and, provided further that, unless the defendant’s criminal liability under this subparagraph is based upon the defendant having commanded another person to cause the death of the victim or intended victim pursuant to section 20.00 of this chapter, this subparagraph shall not apply where the defendant’s criminal liability is based upon the conduct of another pursuant to section 20.00 of this chapter”.

. This court notes that consolidation of these indictments can only occur upon motion of the People or defendant (see, CPL 200.20 [4]; People v Westbrook, 79 Misc 2d 902, 905; cf., Matter of Gold v McShane, 74 AD2d 616, 617).