10-2850-ag
Shao v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the  5ᵗʰ day of April, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
　　　　　　 GERARD E. LYNCH,
　　　　　　　　　　　　 *Circuit Judges*,
　　　　　　 JED S. RAKOFF,[*]
　　　　　　　　　　　　 *District Judge.*

------------------------------------------------------------------

KONG PING SHAO,
　　　　　　　　　　 *Petitioner*,
　　　　　 v.　　　　　　　　　　　　　　　　　　 No. 10-2850-ag

ERIC H. HOLDER, JR., Attorney General of the United States,
　　　　　　　　　　 *Respondent.*

------------------------------------------------------------------

APPEARING FOR PETITIONER:　　　　CHUNYU  JEAN  WANG, Wang Law Offices, PLLC, Flushing, New York.

APPEARING FOR RESPONDENT:　　　　TIMOTHY   RAMNITZ, Office of Immigration Litigation, United States Department of Justice, Washington, D.C..

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kong Ping Shao, a native and citizen of the People's Republic of China, seeks review of an order of the BIA, affirming the decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Kong Ping Shao, No. A078 853 774 (B.I.A. Jun. 18, 2010), aff'g No. A078-853-774 (Immig. Ct. N.Y. City Mar. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). We review questions of law and the application of law to undisputed fact de novo. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Shao's petition for review raises a number of issues that were not presented to the IJ or to the BIA below. In addition to the statutory requirement that petitioners exhaust each category of relief, see 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not presented to the agency. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007). While not jurisdictional, this

judicially imposed issue exhaustion requirement is mandatory. Id. at 119-20.

In urging us to grant his petition for review, Shao argues that the IJ improperly granted the government's motion to reopen his immigration proceeding, that the agency's termination of his prior grants of asylum and withholding of removal was procedurally flawed, and that the IJ improperly placed the burden of proof on him rather than the DHS to show that his withholding status should be terminated. Shao did not raise these arguments in either his notice of intent to appeal the IJ's decision or the brief that he filed before the BIA. Subsequent to filing a petition for review in our Court, Shao filed a motion to reopen before the BIA seeking to raise the issues that he failed to exhaust in the proceedings leading up to the Board's June 18, 2010 decision. He now requests that we take judicial notice of that petition and its rejection by the BIA on timeliness grounds in considering whether he has met the exhaustion requirement set out in Lin Zhong. While we may take notice of the BIA's action, Shao's attempt to circumvent the exhaustion requirement is nevertheless unavailing. Our review is limited to the BIA's June 2010 order and the administrative record that was before the Board at the time it issued that decision. 8 U.S.C. § 1252(b)(4)(A). If Shao would have us consider the arguments he raised in his motion to reopen, his remedy would be to file a new petition with this Court seeking a review of the BIA order denying that motion. See Stone v. INS, 514 U.S. 386, 405 (1995).

Shao also raises two objections to the agency's finding that he was ineligible for asylum and withholding of removal on account of his having pled guilty to attempted burglary in the second degree, in violation of N.Y. Penal Law §§ 140.25(2) & 110. One of

3

these objections – that the New York definition of substantive burglary is broader than the federal definition – is beyond the scope of our review, because Shao did not raise it before the BIA. Shao's other objection – that the definition of attempt under N.Y. Penal Law § 110 is broader than the federal definition – is an incorrect statement of the law in New York.

Shao asserts that the New York attempt statute is broader than the federal standard in two respects. First, he suggests that the standards differ with respect to the mens rea required to commit an attempt offense. In fact, under both federal and state law, a defendant may be convicted of an attempt offense only if it can be established that he had the specific intent to break the law. Compare People v. Campbell, 532 N.E.2d 86, 87-88 (N.Y. 1988), with United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003). Second, Shao argues that the New York attempt statute permits a defendant to be held liable for conduct not considered criminal under federal law. The New York statute permits an attempt conviction based on any conduct that "tends to effect the commission of [a] crime," N.Y. Penal Law § 110, which could be read as a lower standard than the "substantial step" required under federal law, see United States v. Manley, 632 F.2d 978, 987-88 (2d Cir. 1980). Nevertheless, "[i]t is settled law in New York that in order for a defendant to be guilty of an attempt he has to have 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained.'" United States v. Fernandez-Antonia, 278 F.3d 150, 162 (2d Cir. 2002), quoting People v. Werblow, 148 N.E. 786, 789 (1925) (Cardozo, J.). Thus, as we have long recognized, the difference between the New York and federal standards is "more semantic than real." Id. at 163.

4

Finally, Shao also argues that the IJ erroneously required him to produce evidence corroborating his claim that, if he were removed to China, he would face torture on account of his cousin's Falun Gong activities. As Shao's application for relief under the CAT was not based on past persecution, he had the burden of establishing that his fear of persecution was objectively well-founded. Baba v. Holder, 569 F.3d 79, 86 (2d Cir. 2009); 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1). We may reject the IJ's finding that Shao failed to carry this burden only if "the evidence not only *supports* the [contrary] conclusion, but *compels* it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). Although Shao put forth evidence that he had been threatened with arrest and retaliation on account of his cousin's Falun Gong activities, the IJ was not compelled to conclude that Shao's fear of future persecution was objectively reasonable in light of competing evidence in the record indicating that residents of China are not generally subjected to retaliation on account of their family members' practice of Falun Gong.

We have considered Shao's other arguments and conclude that they are without merit. Accordingly, we DENY the petition for review. As we have completed our review, the pending motion for a stay of removal in this proceeding is DISMISSED as moot. Shao's motion for judicial notice is hereby GRANTED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5