■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK TERRY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 30, 1981, convicting him of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive terms of imprisonment for 25 years to life, 8⅓ to 25 years, and 5 to 15 years, respectively.

Judgment modified, on the law (1) by reversing the conviction of attempted murder in the second degree, vacating the sentence imposed thereon, and dismissing the fourth count of the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury; and (2) by providing that the sentences imposed upon the convictions of murder in the second degree and criminal possession of a weapon in the second degree shall run concurrently. As so modified, judgment affirmed.

Defendant was convicted of having attempted to commit murder in the second degree as that crime is defined in subdivision 2 of section 125.25 of the Penal Law, which provides: "A person is guilty of murder in the second degree when * * * [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person".

There can be no such crime as attempted "depraved and reckless" murder. An attempt requires an intent to commit a specific crime (see Penal Law, § 110.00). One cannot attempt to commit an act which one does not intend to commit (see *People v Hassin,* 48 AD2d 705). Murder in the second degree as defined in subdivision 2 of section 125.25 of the Penal Law involves no intent, only a culpable mental state of recklessness. Accordingly, one cannot legally be found guilty of attempted murder in the second degree by reckless conduct (cf. *People v Zimmerman,* 46 AD2d 725; *People v Williams,* 40 AD2d 1023).

The sentences imposed upon the convictions of murder in the second degree and criminal possession of a weapon in the second degree should be modified to run concurrently. Those counts arose out of a single act and, therefore, consecutive sentences are prohibited (see Penal Law, § 70.25, subd 2; *People v Torres,* 91 AD2d 1005, 1007, mod on other grounds 60 NY2d 119).

We note that any prejudice which may have accrued to defendant from cross-examination concerning weapons he owned was harmless in view of the overwhelming proof of guilt (see *People v Crimmins,* 36 NY2d 230).

Defendant's other contentions have been considered and found to be lacking in merit. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.