■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. ROE, Appellant. [595 NYS2d 121] —Appeal from a judgment of the County Court of Otsego County (Kepner, Jr., J.), rendered February 24, 1992, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

Defendant waived indictment and pleaded guilty to the crime of attempted murder in the second degree as charged in a superior court information. Defendant now maintains that

the superior court information was jurisdictionally defective and that his conviction must be vacated. Initially, we find that defendant's waiver of his right to appeal does not preclude our consideration of his jurisdictional argument *(see, People v Thompson,* 152 AD2d 949, *lv denied* 74 NY2d 820). Murder in the second degree as set forth under Penal Law § 125.25 (2) proscribes reckless conduct "which creates a grave risk of death to another person, and thereby causes the death of another person", "[u]nder circumstances evincing a depraved indifference to human life". The superior court information to which defendant pleaded guilty charged an attempt to commit this crime. Such a crime is nonexistent *(see, People v Acevedo,* 32 NY2d 807; *People v Terry,* 104 AD2d 572). The superior court information was, therefore, jurisdictionally defective *(see, People v Hassin,* 48 AD2d 705; *see also, People v Trepanier,* 84 AD2d 374, 380). While the People correctly argue that a defendant may plead guilty to hypothetical or nonexistent crimes *(see, e.g., People v Foster,* 19 NY2d 150, 153; *People v King,* 175 AD2d 411, *lv denied* 78 NY2d 1078), the instant case is distinguishable. Unlike the cases relied upon by the People, here the accusatory instrument upon which defendant is to be prosecuted itself charges a nonexistent crime and is thus invalid *(cf., People v Ford,* 62 NY2d 275, 282-283). Alternatively, because the crime charged in the information is not an offense, we find that the information was defective in that it failed to charge "any offense for which the defendant was held for the action of a grand jury" (CPL 195.20; *see, People v Zanghi,* 79 NY2d 815).

Weiss, P. J., Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and superior court information dismissed.