■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GILLARD, Appellant. [626 NYS2d 167] —Judgment, Supreme Court, New York County (Rena Uviller, J.) rendered October 1, 1992, convicting defendant after a jury trial of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The victim, who recognized defendant from the neighborhood, immediately made a 911 call to the police, as he did when he saw defendant on two subsequent occasions. As a result of routine police procedure, the three 911 tapes were destroyed 90 days after the transmission, though Sprint reports were found for two of the calls. Prior to trial, when defendant indicated that he would pursue a defense of misidentification, the court indicated that as a sanction for the

loss of *Rosario* material, it would preclude any testimony concerning the contents of the 911 calls or the contents of the Sprint reports, but would permit the People to use the Sprint reports to show that two 911 calls were made. As for the 911 call for which no Sprint report was found, as an additional sanction, the court indicated that it would give an adverse inference instruction. Arguing that identification would be sharply challenged in this single witness identification case, counsel contended that any sanction short of outright preclusion of any reference to 911 calls would be inadequate.

However, at trial, the defense strategy changed, defendant conceding identification but now claiming that the encounter was a tryst and that no robbery had occurred. As such, the destroyed 911 tapes lost the significance that defendant initially contended they had. In any event, the choice of partial preclusion as a sanction was a proper exercise of discretion. Dismissal is an extreme sanction rarely invoked *(People v Banch,* 80 NY2d 610, 616), and would have been especially inappropriate here since the destruction of the 911 tapes was not intended to frustrate the defendant's ability to conduct cross-examination *(People v Paranzino,* 40 NY2d 1005), and since the fact of the 911 calls was established by the Sprint reports. Defendant's challenge to the loss of an officer's scratch sheets recording identification evidence is not preserved for appellate review, since defendant explicitly abandoned such challenge when he altered his defense strategy and made no further requests for sanctions *(People v Rogelio,* 79 NY2d 843). Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.