■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WILSON, Appellant. [639 NYS2d 812]

Defendant abandoned his claim that identification evidence by one of the eyewitnesses should have been precluded when he conceded that he received oral notice of a photo identification at his Criminal Court arraignment (*People v Gillard*, 215 AD2d 216, 217, *lv denied* 86 NY2d 794), and we decline to review it in the interest of justice. If we were to review the claim, we would find that defendant waived it by moving to

suppress the identification (*see, People v Brown*, 224 AD2d 226), and also that the notice given at the Criminal Court arraignment was sufficiently specific.

Since there was a substantial change in the condition of a window used by one of the eyewitnesses, namely, the addition of an air conditioner and the partial destruction of the window bars, the court properly exercised its discretion when it denied the jury's request during deliberations to look through the window (*People v White*, 67 AD2d 571, *revd on other grounds* 53 NY2d 721).

We find no abuse of discretion in sentencing, in light of the brutal nature of the crime, which defendant committed while on probation. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.