■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFREN NIEVES, Appellant. [900 NYS2d 683]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Alessandro, J.), rendered June 14, 2004, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, superior court information No. 04-0141 is dismissed, and the matter is remitted to the County Court, Westchester County, for further proceedings on the felony complaint.

The defendant was charged, by felony complaint, with one count of attempted assault in the first degree under Penal Law § 120.10 (3), one count of criminal use of a firearm in the second degree, and one count of reckless endangerment in the first degree. He waived indictment by a grand jury and pleaded guilty under a superior court information to one count of attempted assault in the second degree under Penal Law §§ 110.00 and 120.05 (4).

As the People correctly concede, the judgment of conviction must be reversed because the superior court information was jurisdictionally defective, since the single count contained therein charged the defendant with a nonexistent crime (*see People v Roe*, 191 AD2d 844, 845 [1993]). An attempt requires an intent to commit a specific crime (*see* Penal Law § 110.00; *People v Terry*, 104 AD2d 572, 573 [1984]; *People v Williams*, 40 AD2d 1023, 1024 [1972]). "One cannot attempt to commit an act which one does not intend to commit" (*People v Terry*, 104 AD2d at 573). Assault in the second degree as defined in subdivision (4) of section 120.05 of the Penal Law involves no intent, only a culpable mental state of recklessness. Accordingly, one cannot legally be found guilty of attempted assault in the second degree by reckless conduct (*see People v Williams*, 40 AD2d at

1024; *see also People v Terry*, 104 AD2d at 573). Thus, the superior court information was jurisdictionally defective (*see People v Roe*, 191 AD2d at 845), and this defect survives the defendant's failure to raise this claim in the County Court, his plea of guilty, and his waiver of the right to appeal (*see People v Zanghi*, 79 NY2d 815, 817 [1991]; *People v Edwards*, 39 AD3d 875, 876 [2007]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.