OPINION OF THE COURT
Memorandum.
Ordered that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal. New counsel is directed to serve and file a brief within 90 days after the date of the order entered hereon. The People may serve and file a respondent’s brief within 21 days after the service upon them of the appellant’s brief. Appellant’s new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent’s brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel submitted an Anders brief setting forth his conclusion that there exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]). A review of the record, however, reveals the existence of at least two nonfrivolous issues. Defendant was originally charged by felony complaint with criminal contempt in the first degree (Penal Law § 215.51 [c]). The felony complaint was subsequently purportedly converted, pursuant to CPL 180.50, to a misdemeanor complaint charging criminal contempt in the second degree (Penal Law § 215.50), to which defendant pleaded guilty. A nonfrivolous issue exists as to whether the felony complaint was jurisdictionally invalid (see CPL 100.40 [4]; People v Dewall, 15 AD3d 498 [2005]; cf. People v Jones, 9 Misc 3d 130[A], 2005 NY Slip Op 51580[U] [App Term, 9th & 10th Jud Dists 2005]); whether, as a result, the Justice Court was without jurisdiction to convert the felony complaint to a misdemeanor complaint (see Fitzpatrick v Rosenthal, 29 AD3d 24, 30 [2006]; cf. People v Jones, 9 Misc 3d 130[A], 2005 NY Slip Op 51580[U] [2005]); and whether, even if defendant’s waiver of his right to appeal was valid (but see People v Cuthbertson, 27 Misc 3d 138[A], 2010 NY Slip Op 50892[U] [App Term, 9th & 10th Jud Dists 2010]), a claim that the misdemeanor complaint is jurisdictionally in *68 valid survives the waiver (see People v Nieves, 73 AD3d 1087 [2010]; People v Davis, 31 Misc 3d 142[A], 2011 NY Slip Op 50844[U] [App Term, 9th & 10th Jud Dists 2011]). In addition, a nonfrivolous issue exists as to the legality of the duration of the order of protection (see CPL 530.12 [5]; 530.13 [4]; see also People v Nieves, 2 NY3d 310 [2004]). Accordingly, assignment of new counsel is warranted (see People v Ramirez, 27 Misc 3d 134[A], 2010 NY Slip Op 50745[U] [App Term, 9th & 10th Jud Dists 2010]).
We therefore grant assigned counsel’s motion to withdraw as counsel and assign new counsel to advise defendant as to any risk inherent in a challenge to the jurisdictional validity of the misdemeanor complaint, to ascertain whether defendant desires to raise such a challenge, and generally to prosecute the appeal on defendant’s behalf.
Finally, we note that the legal analysis presented in the argument section of the Anders brief consists solely of the conclusory sentence, “After a review of the appellant’s record for this case, there were no nonfrivolous issues ascertained that could be raised on appeal.” We take this opportunity to reiterate the following principle:
“At minimum, an Anders brief must refer ... to anything in the record that might arguably support the appeal via a statement of the factual and legal issues relevant to the conviction and sentence sufficient to enable the court to evaluate and correctly decide the appeal. As an appellate court’s review of the record cannot substitute for the single-minded advocacy of appellate counsel, a brief that fails to satisfy that standard deprives a defendant of the right to the effective assistance of appellate counsel” (People v Sharpe, 16 Misc 3d 126[A], 2007 NY Slip Op 51216[U], *1-2 [App Term, 9th & 10th Jud Dists 2007] [internal quotation marks and citations omitted]).
Nicolai, EJ., LaCava and Iannacci, JJ., concur.