The People of the State of New York, Respondent,
against
Vontia Jasmine Benjamin, Appellant.




New York City Legal Aid Society, (Denise Fabiano), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Merri Turk Lasky of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered September 10, 2015. The judgment convicted defendant, upon her plea of guilty, of falsely reporting an incident in the third degree. The appeal from the judgment of conviction brings up for review an order of that court (Donna Marie Golia, J.) dated July 16, 2014 denying defendant's motion to dismiss the accusatory instrument.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with falsely reporting an incident in the third degree (Penal Law § 240.50 [3]). The accusatory instrument alleged the following:
"Police Officer Crystal Zelada of the 113th Precinct . . . being duly sworn, deposes and says that on or about January 19, 2014, between 3:05 p.m. and 3:15 p.m., in front of 110-08 172 Street, County of Queens, State of New York, the defendant committed the [offense] of [Penal Law §] 215.50-3 [sic] falsely reporting an incident in the third degree . . . knowing the information reported, conveyed or circulated to be false or baseless, [the defendant] gratuitously report[ed] to a law enforcement officer or agency the alleged occurrence of an offense or incident which did not in fact occur.
* * *
Deponent states that she has reviewed a 911 call maintained in the ordinary course of business by the NYPD within a reasonable time of the event or occurrence reflected therein, and that said records reflect that on January 19, 2014 at approximately 3:09 PM, a 911 call was received from a female caller stating in sum and substance 'I see a female and a guy and the guy keeps hitting on her. I see him smacking her. They are right in front of the location.'
Deponent further states that the female 911 caller gives a description of the suspect and the location of [the] occurrence as 110-08 172 Street and that said 911 call originated from [a specified telephone number].
Deponent further states that she has reviewed and listened to the 911 call simultaneously with the complainants.
Deponent further states that she is informed by the complainants . . . that the voice on the 911 call is the defendant's voice.
Deponent further states that she is further informed by [one of the complainants] that the [specified phone number] is a number belonging to the defendant, Vontia Benjamin, as the defendant has left this number as a form of contact on her cell phone and [that] complainant has spoken to the defendant on this number on numerous occasions.
Deponent states that at the above mentioned date, time, and place of occurrence, she received a radio run from the above mentioned 911 call of an assault in progress at 3:10 p.m. and arrived at the above mentioned location in approximately four (4) minutes at 3:14 PM.
Deponent states that upon arriving at the above mentioned location, she observed that the street was vacant and that there was no assault in progress in front of the above mentioned location.
Deponent states that she has reviewed the records of the New York City Police Department, and that said records are kept and maintained in the ordinary course of business within a reasonable time of the event or occurrence reflected therein and that the Sprint Report detailed the GPS coordinates of the above mentioned 911 call, which registered the nearest location as 1821 Marmion Avenue in The Bronx.
Deponent states that upon reviewing the police paperwork, the defendant listed her pedigree information, particularly her home address as 857 Crotona Park North in The Bronx, located 0.1 miles from the above mentioned GPS coordinates in the Sprint Report."
Each complainant provided a supporting deposition dated March 27, 2014 which indicated that they had read "the accusatory instrument in the above-entitled action and that the facts therein stated to be on information furnished by me are true upon my personal knowledge."
By motion dated May 22, 2014, defendant sought to dismiss the accusatory instrument on the ground of facial insufficiency because, among other things, "the allegations . . . are based on a mere conclusory statement on an element of an offense." The People opposed the motion. By order dated July 16, 2014, the Criminal Court (Donna Marie Golia, J.) denied the motion.
On January 30, 2015, the People filed a prosecutor's information charging defendant with falsely reporting an incident in the third degree, in that defendant, "on or about January 19, 2014, did when, knowing the information reported, conveyed or circulated to be false or baseless, gratuitously report to a law enforcement officer or agency the alleged occurrence of an offense or incident in the [C]ounty of Queens which did not in fact occur."
A nonjury trial began on July 9, 2015, but, after the testimony of several of the People's witnesses, defendant pleaded guilty to falsely reporting an incident in the third degree. Defendant, among other things, agreed that, "on or about January 19th, 2014, while in the Bronx [she had] made a 911 call indicating that there was an assault in progress at 110-08 172nd Street . . . and there was no assault and [she] knew that was false." Through counsel, defendant waived prosecution by information.
Defendant was sentenced on September 10, 2015 to three years of probation, together with mental health treatment to be determined by the Department of Probation. The court imposed a total of $250 in surcharges and fees, and issued two five-year orders of protection in favor of the [*2]complainants and against defendant.
On appeal, defendant argues that the accusatory instrument, upon which the prosecutor's information was based, contained "insufficient facts of an evidentiary character to allow the conclusion that the reported assault did not in fact occur." The officer did not arrive at the location until five minutes after the crime had been reported, and the accusatory instrument alleges only that there was no assault going on at that time. Thus, it is possible that an assault did, in fact, occur at 3:09 as reported, but had concluded by the time the officer arrived at 3:14.
Defendant's motion to dismiss the accusatory instrument was based on a claim that it was jurisdictionally defective. Thus, her claim survives both her plea of guilty and her waiver of the right to appeal (see People v Dreyden, 15 NY3d 100 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Alejandro, 70 NY2d 133 [1987]; People v Nieves, 73 AD3d 1087, 1088 [2010]; People v O'Connor, 36 Misc 3d 159[A], 2012 NY Slip Op 51813[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). As defendant expressly waived her right to prosecution by information, the accusatory instrument must be evaluated as a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Dreyden, 15 NY3d at 103). A misdemeanor complaint must set forth facts providing reasonable cause to believe that the defendant committed the charged offense (see CPL 100.40 [4] [b]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Dumas, 68 NY2d 729, 731 [1986]) and allege facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; People v Vasquez, 39 Misc 3d 126[A], 2013 NY Slip Op 50407[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Penal Law § 240.50 (3) (a) provides that "[a] person is guilty of falsely reporting an incident in the third degree when, knowing the information reported, conveyed or circulated to be false or baseless, he or she . . . [g]ratuitously reports to a law enforcement officer or agency . . . the alleged occurrence of an offense or incident which did not in fact occur." The crime is committed when a defendant provides false information without being compelled to do so by a law enforcement officer or an agency (see People v Ellis, 77 AD3d 496 [2010]).
Here, the accusatory instrument met the statutory requirements for a misdemeanor complaint charging the offense of falsely reporting an incident in the third degree. It alleged that defendant knew that the information she reported was false; that she reported it to a law enforcement officer; and that the offense did not occur. The factual part of the accusatory instrument provided detailed information that the report was made at approximately 3:09 or 3:10 p.m. on January 19, 2014; that the caller stated that she was observing a man hitting a woman at 110-08 172nd Street in Queens; that the call came from a phone number belonging to defendant; that it came from a location in the Bronx, as established by the Sprint report (see People v Gillard, 215 AD2d 216, 217 [1995]), which was 1/10 of one mile from defendant's home address; and that, when the police responded to the location in Queens at 3:14 p.m., the street was vacant and there was no assault in progress in front of the location in question. As defendant was in the Bronx when she called the police at 3:09 p.m., she could not have observed that a man was hitting a woman at that time in Queens. Thus, the accusatory instrument sufficiently alleged that the report was false.
Accordingly, the judgment of conviction is affirmed.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018