People v Pierre (2020 NY Slip Op 20341)

People v Pierre

2020 NY Slip Op 20341 [70 Misc 3d 69]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 17, 2021

[*1]

The People of the State of New York, Respondent,
v
Nadine Pierre, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 11, 2020

APPEARANCES OF COUNSEL

Legal Aid Society (Steven J. Miraglia of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Gamaliel Marrero and Arieh Schulman of counsel), for respondent.

{**70 Misc 3d at 70} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
In a single accusatory instrument, defendant was charged with harassment in the second degree (Penal Law § 240.26 [1]) and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [b]), based on two incidents. The accusatory instrument alleged that, in the first incident, the complainant received a phone call from defendant, whose voice she recognized, in which defendant stated to her "if you don't pay my money back, I will hurt you and your daughter." The instrument further alleged that, during the second incident, the complainant received multiple phone calls from defendant, whose voice she again recognized, in which defendant, among other things, insulted the complainant's daughter and again threatened to hurt both the complainant and her daughter if the complainant did not pay defendant, stating, among other things, "I'm gonna make sure somebody would hurt you." The accusatory instrument alleged that these statements caused the complainant to fear physical injury to her and her daughter, and to become alarmed and annoyed. After waiving prosecution by information, defendant pleaded guilty to the uncharged offense of disorderly conduct (Penal Law § 240.20), a [*2]violation, which was deemed added to the accusatory instrument,{**70 Misc 3d at 71} and defendant was sentenced to a conditional discharge and the issuance of a two-year full order of protection. On appeal, defendant challenges the facial sufficiency of the accusatory information.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, as all of the counts charged in the accusatory instrument were of equal or higher grade than the uncharged violation to which defendant pleaded guilty, for defendant to be successful in her challenge, all of the counts charged in the accusatory instrument would have to be found facially insufficient (see People v Thiam, 34 NY3d 1040 [2019]; People v Perez, 64 Misc 3d 84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Furthermore, since defendant expressly waived the right to be prosecuted by information, the relevant counts of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Penal Law § 240.30 (1) (a), a person is guilty of aggravated harassment in the second degree when, with intent to harass another person, the actor
"communicates, anonymously or otherwise, by telephone . . . a threat to cause physical harm to . . . such person, or a member of such person's same family . . . and the actor knows or reasonably {**70 Misc 3d at 72}should know that such communication will cause such person to reasonably fear harm to such person's physical safety or . . . to the physical safety . . . of a member of such person's same family."
At the outset, for pleading purposes, by stating that the complainant had recognized the voice of the caller to be that of defendant, the accusatory instrument, when evaluated under the standards of a complaint, sufficiently alleged that it was defendant who had made the phone calls (see People v Morales, 63 Misc 3d 135[A], 2019 NY Slip Op 50483[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Any further challenge to this factual allegation was a matter to be raised as an evidentiary defense at trial, not by insistence, on an appeal from a guilty plea, that the accusatory instrument was jurisdictionally defective (see generally Casey, 95 NY2d at 360).
By alleging the details of defendant's statements made to the complainant over the telephone, which were unequivocal, specific and clearly implied the use of physical violence, the accusatory instrument provided reasonable cause to believe these statements contained no "expression of ideas or thoughts other than threats and/or intimidating or coercive utterances" (People v Shack, 86 NY2d 529, 538 [1995]). Consequently, despite defendant's contention to the contrary, they constituted "true threats," which "encompass those statements where the speaker [*3]means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals" (Virginia v Black, 538 US 343, 359 [2003]; see People v Marquan M., 24 NY3d 1, 7 [2014]; People v Lewis, 52 Misc 3d 134[A], 2016 NY Slip Op 51025[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and, thus, they rose to the level of criminally sanctionable speech. Additionally, by alleging that these statements caused the complainant to fear physical injury to her and her daughter, the facts alleged in the accusatory instrument were sufficient, for pleading purposes, to establish reasonable cause to believe that, with the intent to harass the complainant, defendant did communicate by telephone two separate threats to cause physical harm to the complainant and her daughter, which defendant reasonably should have known would cause the complainant to reasonably fear harm to her physical safety and that of a member of her family, in violation of Penal Law § 240.30 (1) (a). Consequently, both counts of aggravated harassment in the second degree charged in the accusatory instrument were facially sufficient (see CPL 100.15 [3]; 100.40 [4]).{**70 Misc 3d at 73}
Since aggravated harassment in the second degree is a class A misdemeanor, and defendant pleaded guilty to the uncharged offense of disorderly conduct, a violation, we need not pass on whether the remaining counts charged in the accusatory instrument were facially sufficient (see Thiam, 34 NY3d 1040; Perez, 64 Misc 3d 84; Morales, 2019 NY Slip Op 50483[U]; Mason, 62 Misc 3d 75).
Accordingly, the judgment of conviction is affirmed.
Aliotta, P.J., Siegal and Toussaint, JJ., concur.