People v Latta (2021 NY Slip Op 50484(U))

[*1]

People v Latta (Terrence)

2021 NY Slip Op 50484(U) [71 Misc 3d 139(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2018-1520 RI CR

The People of the State of New York,
Respondent,
against
Terrence Latta, Appellant. 

Alan Ross, for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Christopher J. Robles, J.), rendered June 15, 2018. The judgment convicted defendant, upon his
plea of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is
vacated, and the accusatory instrument is dismissed.
Defendant was arrested on July 11, 2017 and charged with criminal possession of marihuana
in the fourth degree (Penal Law § 221.15), criminal possession of marihuana in the fifth
degree (Penal Law § 221.10 [2]), and unlawful possession of marihuana (Penal Law §
221.05). The factual portion of the accusatory instrument and supporting deposition alleged that
defendant "possessed" marihuana that was recovered from the "rear [passenger] floor" "in [a]
black bag." Defendant entered into a negotiated plea agreement pursuant to which he pleaded
guilty to disorderly conduct, signed a waiver of his right to appeal, and was sentenced to a
one-year conditional discharge.
On appeal, defendant contends that the accusatory instrument is jurisdictionally defective as
to all charges because it fails to allege that he possessed marihuana either physically or
constructively.
At the outset, we note that "[a] plea to an uncharged lesser offense that does not constitute a
lesser included offense, such as the one involved herein, does not forfeit a defendant's right to
challenge the facial sufficiency of the accusatory instrument" (People v Mason, 62 Misc 3d 75,
77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019], citing People v Konieczny, 2 NY3d 569,
573 [2004]; see People v Taylor, 65 NY2d 1, 5 [1985]; People v Case, 42 NY2d
98 [1977]). Moreover, when "all of the counts charged in the accusatory instrument [are] of equal
or higher grade than the uncharged violation to which defendant pleaded guilty, for defendant to
be [*2]successful in [his] challenge, all of the counts charged in
the accusatory instrument would have to be found facially insufficient" (People v Pierre, 70 Misc 3d 69, 71
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], citing People v Thiam, 34 NY3d 1040
[2019]; see People v Perez, 64 Misc
3d 84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). "A valid and
sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal
prosecution" (People v Case, 42 NY2d at 99; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100,
103 [2010]). A challenge on appeal to the facial sufficiency of an accusatory instrument does not
require preservation (see People v Alejandro, 70 NY2d 133, 135 [1987]) and is not
forfeited by a defendant's guilty plea (see People v Thiam, 34 NY3d at 1043; People v
Dreyden, 15 NY3d at 102-103; People v Konieczny, 2 NY3d at 573). Furthermore,
defendant's purported waiver of his right to appeal, if valid, "would not bar [this] claim because
the claim is jurisdictional" (People v
Davis, 31 Misc 3d 142[A], 2011 NY Slip Op 50844[U], *2 [App Term, 2d Dept, 9th
& 10th Jud Dists 2011]; see People v Zanghi, 79 NY2d 815, 817 [1991]; People v Nieves, 73 AD3d 1087
[2010]).
Here, since defendant did not waive prosecution by information, the facial sufficiency of the
accusatory instrument must be reviewed according to the requirements of an information
(see CPL 100.10 [1]; 170.65 [1], [3]; People v Kalin, 12 NY3d 225, 228 [2009]). To be facially
sufficient, an information must contain nonhearsay factual allegations of an evidentiary character
which establish, if true, every element of the offense charged (see CPL 100.15 [3];
100.40 [1] [c]; People v Taffet, 54
Misc 3d 21, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). The failure to meet
those requirements may be asserted at any time, with the exception of the requirement of
nonhearsay allegations, which, insofar as is relevant to this appeal, was forfeited upon
defendant's guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]). The law does
not require that the most precise words or phrases which most clearly express the thought be used
in an information, but only that the offense be sufficiently alleged so that the defendant can
prepare himself for trial, and so that he will not be tried again for the same offense (see
People v Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d at 575; People
v Casey, 95 NY2d 354, 360 [2000]).
All of the offenses charged in the accusatory instrument include the element of possession.
"The crime of possessing . . . drugs requires a physical or constructive possession" (People v
Reisman, 29 NY2d 278, 285 [1971]; see People v Hyde, 302 AD2d 101, 105 [2003]).
With respect to constructive possession, "the rule has long been that to support a charge that a
defendant was in constructive possession of tangible property, the People must show that the
defendant exercised 'dominion or control' over the property by a sufficient level of control over
the area in which the contraband is found or over the person from whom the contraband is
seized" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00
[8]; People v Morris, 63 Misc 3d
62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Here, we find that possession was not alleged sufficiently, rendering the accusatory
instrument jurisdictionally defective. As the People concede in their brief, nothing more is
alleged within the four corners of the accusatory instrument or the supporting deposition
connecting defendant to the marihuana, other than that it was recovered from a "rear [passenger]
floor" "in [a] black bag." There is no specific allegation that the marihuana was located within a
vehicle, let alone that defendant owned or was found inside a vehicle.
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated and the
accusatory instrument is dismissed.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021