People v West (2022 NY Slip Op 50047(U))

[*1]

People v West (Shaquean)

2022 NY Slip Op 50047(U) [74 Misc 3d 126(A)]

Decided on January 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-264 Q CR

The People of the State of New York,
Respondent,
against
Shaquean West, Appellant. 

Appellate Advocates (Leila Hull of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen Abbot and Aharon Diaz of counsel), for
respondent.

Appeal from five judgments of the Criminal Court of the City of New York, Queens County
(Toni Cimino, J.), rendered December 19, 2018. The judgments convicted defendant, upon his
pleas of guilty, of three charges of disorderly conduct (under docket numbers CR-004342-18QN,
CR-011454-18QN and CR-020868-18QN), bail jumping in the third degree (under docket
number CR-020871-18QN), and petit larceny (under docket number CR-038964-18QN),
respectively, and imposed sentences. Assigned counsel has submitted a brief in accordance with
Anders v California (386 US 738 [1967]) seeking leave to withdraw as counsel in so much of the
appeal as is from the judgments convicting defendant of two charges of disorderly conduct under
docket numbers CR-004342-18QN and CR-020868-18QN, respectively, bail jumping in the third
degree under docket number CR-020871-18QN, and petit larceny under docket number
CR-038964-18QN. On so much of the appeal as is from the judgment convicting defendant of
disorderly conduct under docket number CR-011454-18QN, assigned counsel challenges the
facial sufficiency of that accusatory instrument.

ORDERED that the judgment convicting defendant of disorderly conduct under docket
number CR-011454-18QN is reversed, as a matter of discretion in the interest of justice, the
[*2]guilty plea is vacated, and the accusatory instrument under
docket number CR-011454-18QN is dismissed; and it is further,
ORDERED that the four judgments convicting defendant of the two charges of disorderly
conduct under docket numbers CR-004342-18QN and CR-020868-18QN, respectively, bail
jumping in the third degree under docket number CR-020871-18QN, and petit larceny under
docket number CR-038964-18QN are affirmed.
Defendant was charged in an accusatory instrument, under docket number
CR-011454-18QN, with criminal possession of marihuana in the fifth degree (Penal Law §
221.10 [1]) and unlawful possession of marihuana (former Penal Law § 221.05). He
subsequently pleaded guilty to disorderly conduct in satisfaction of that accusatory instrument.
On appeal, defendant challenges, among other things, the facial sufficiency of that accusatory
instrument. Defendant was also convicted of two charges of disorderly conduct under docket
numbers CR-004342-18QN and CR-020868-18QN, respectively, bail jumping in the third degree
under docket number CR-020871-18QN, and petit larceny under docket number
CR-038964-18QN.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). With respect to the
judgment of conviction under docket number CR-011454-18QN, since defendant pleaded guilty
to disorderly conduct, a violation (see Penal Law § 240.20), in order to contest the
facial sufficiency of the accusatory instrument, defendant has to demonstrate that both counts
charged therein, i.e., criminal possession of marihuana in the fifth degree, a class B misdemeanor
(see Penal Law § 221.10), and unlawful possession of marihuana, a violation
(see former Penal Law § 221.05), were facially insufficient (see People v Thiam, 34 NY3d
1040 [2019]; People v Pierre,
70 Misc 3d 69 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Perez, 64 Misc 3d 84, 91
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]).
We find, as defendant contends and the People concede, that the count charging defendant
with criminal possession of marihuana in the fifth degree was facially insufficient because it did
not allege that defendant's conduct of smoking a marihuana cigarette occurred in a public place
open to public view (see People v
Afilal, 26 NY3d 1050 [2015]; People v Rodney, 63 Misc 3d 135[A], 2019 NY Slip Op 50486[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Willis, 62 Misc 3d 144[A], 2019 NY Slip Op 50150[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
The count charging defendant with unlawful possession of marihuana was facially sufficient
as charged in 2018, as the accusatory instrument alleged that the officer had observed defendant
smoking a lit marihuana cigarette. However, Penal Law § 221.05 was amended effective
August 28, 2019 and "unlawful possession of marihuana" is no longer an offense. [*3]Furthermore, any conviction of unlawful possession of marihuana
would have been automatically "vacated and dismissed" and rendered "legally invalid" by
operation of CPL 160.50 (5), which also became effective on August 28, 2019 (see People v Ford, 69 Misc 3d
135[A], 2020 NY Slip Op 51286[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]; People v Lynch, 69 Misc 3d
147[A], 2020 NY Slip Op 51424[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]). Since defendant's conviction of disorderly conduct, an uncharged offense, derived
entirely from that former offense, with the People's approval, we reverse the judgment convicting
him of disorderly conduct under docket number CR-011454-18QN, as a matter of discretion in
the interest of justice, vacate defendant's guilty plea to disorderly conduct, and dismiss that
accusatory instrument in its entirety.
We are satisfied with the sufficiency of so much of the brief filed by defendant's assigned
counsel pursuant to Anders v California (386 US 738 [1967]), and, upon an independent
review of the record, we conclude that there are no nonfrivolous issues as to the remaining
convictions which could be raised on appeal. Counsel's application for leave to withdraw as
counsel in so much of the appeal as is from the four judgments convicting defendant of two
charges of disorderly conduct under docket numbers CR-004342-18QN and CR-020868-18QN,
respectively, bail jumping in the third degree under docket number CR-020871-18QN, and petit
larceny under docket number CR-038964-18QN is, therefore, granted (see id.; People v Murray, 169 AD3d 227
[2019]; Matter of Giovanni S. [Jasmin
A.], 89 AD3d 252 [2011]; People v Paige, 54 AD2d 631 [1976]; cf. People v
Gonzalez, 47 NY2d 606 [1979]).
Accordingly, the judgment convicting defendant of disorderly conduct under docket number
CR-01145418-QN is reversed, the guilty plea is vacated and that accusatory instrument is
dismissed, and the four judgments convicting defendant of two charges of disorderly conduct
under docket numbers CR-004342-18QN and CR-020868-18QN, respectively, bail jumping in
the third degree under docket number CR-020871-18QN, and petit larceny under docket number
CR-038964-18QN are affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 21, 2022