People v Espinosa (2024 NY Slip Op 06209)

People v Espinosa

2024 NY Slip Op 06209

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-10860 ON MOTION

[*1]The People of the State of New York, respondent,
v
Manuel Espinosa, appellant. (S.C.I. No. 4538/19)

Patricia Pazner, New York, NY (Maisha Kamal of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond L. Rodriguez, J., at plea; Quynda L. Santacroce, J., at sentence), rendered August 20, 2019, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Patricia Pazner for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
ORDERED that Twyla Carter, The Legal Aid Society, 199 Water Street, 5th Floor, New York, NY 10038, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 9, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Ramirez, 215 AD3d 984, 985; see McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 442). "First, the Court 'must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255, quoting Penson v Ohio, 488 US 75, 83 [emphasis omitted]). Among other things, "[a]n adequate Anders brief must, at a minimum, draw the Court's attention to the relevant evidence, with specific references to the record[,] . . . and identify possible issues for [*2]appeal, with reference to the facts of the case and relevant legal authority" (People v Rodrigues, 229 AD3d 463, 464 [internal quotation marks omitted]). "If the court is satisfied with the sufficiency of the brief, the court reaches step two" and "perform[s] an independent review of the record to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (People v Jones, 202 AD3d 827, 828 [internal quotation marks omitted]). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Whether the defendant would ultimately prevail on [a particular issue] is irrelevant at [the Anders] stage. Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v White, 208 AD3d 691, 693 [internal quotation marks omitted]). "If the court concludes under step two that there are nonfrivolous issues that could be raised on appeal, the court [must] assign new counsel to pursue an appeal on the defendant's behalf" (People v Murray, 169 AD3d 227, 232).
Here, we are satisfied with the sufficiency of the brief filed by assigned counsel (see People v Bolton, 216 AD3d 812, 814). However, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist (see People v Dempsey, 223 AD3d 681, 682), including, but not necessarily limited to, whether the Supreme Court had authority to issue so much of an order of protection as was in favor of Angel Rivera (see CPL 530.13[4][a]; People v Fletcher, 220 AD3d 805, 805; People v Delvecchio, 32 Misc 3d 66, 68 [App Term, 2d Dept, 9th & 10th Jud Dists]). "Since a review of the record by the Appellate Division cannot substitute for the single-minded advocacy of appellate counsel, assignment of new counsel is warranted to prosecute th[is] appeal[ ]" (Matter of Moore v Glasper, 209 AD3d 740, 742; see People v Murray, 169 AD3d at 232).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court